**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANTHONY SLAMA,** | 1:08-cv-810  AWI GSA |
| Plaintiff, | **ORDER ON DEFENDANTS'** |
| v. | **MOTION TO DISMISS** |
| **CITY OF MADERA, MADERA POLICE DEPT., OFFICER CHAVEZ, OFFICER SHEKIANIAN, and DOES 1 through 100,** | (Doc. No. 6) |
| Defendants. | |

    This is an excessive force claim filed by Plaintiff Anthony Slama against Defendants City of Madera ("Madera"), the Madera Police Department, and Madera police officers Chavez and Shekianian. Slama initially brought suit in the Madera County Superior Court, and Defendants removed to this Court on the basis of a federal question. Madera moves to dismiss Slama's complaint for the failure to state a claim under Rule of Civil Procedure 12(b)(6).

**LEGAL FRAMEWORK**

*Rule 8(a)(2)*

    Federal Rule of Civil Procedure 8(a) sets the pleading standard for claims for relief in federal court. "Under the liberal rules of pleading, a plaintiff need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Sagana v. Tenorio,

384 F.3d 731, 736 (9th Cir. 2004) (quoting Fed. R. Civ. P. 8(a)).  This rule does "not require a claimant to set out in detail the facts upon which he bases his claim."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  The pleadings need only give the opposing party "fair notice" of the claim and the "grounds upon which [the claim] rests."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Conley, 355 U.S. at 47; Fontana v. Haskin, 262 F.3d 871, 877 (9th Cir. 2001).  The pleadings are also to "be construed as to do substantial justice," and "no technical forms of pleading . . . are required."  Fed. Rules Civ. Pro. 8(e)(1), 8(f); Sagana, 384 F.3d at 736; Fontana, 262 F.3d at 877.  "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."  Fontana, 262 F.3d at 877; see Williams v. Boeing Co., 517 F.3d 1120, 1131 (9th Cir. 2008).

*Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Warren, 328 F.3d at 1139; Western Mining Council, 643 F.2d at 624.  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## ALLEGATIONS IN THE COMPLAINT

The complaint is on a pre-printed form and indicates that it is a "civil rights" case. After checking several boxes, the complaint alleges:

> On or about 12/20/2005, at the location of "C" Street and Central Avenue in Madera, California, the defendants, [Madera], Madera Police Department, Madera Police Officer[s] Chavez and . . . Shekanian violated the plaintiff's civil rights. The plaintiff's civil rights were violated by the use of excessive force directed at the plaintiff and without any reasonable suspicion or probable cause that plaintiff had committed any crime.
>
> The actions taken by the defendants were under the color of law as law enforcement officers and governmental entities.
>
> The action of the defendants violated the plaintiff's Fourth Amendment rights.
>
> Plaintiff suffered physical and emotional damages in an amount to be proved at trial.

Plaintiff's First Amended Complaint at p. 4. ("FAC").

## DISCUSSION

*Defendants' Argument*

Madera argues that the complaint contains no facts and is simply conclusory. The complaint contains no information regarding any official policy or custom by Madera that caused Slama harm. Further, the individual officers are entitled to qualified immunity because there are no facts alleged that would indicate that the officers violated any rights of the Plaintiff. Finally,

state immunity under California Government Code §§ 820.2, 820.4[1] would apply to the officers and California Government Code § 815.2 immunity would apply to Madera. Given the absence of facts, the complaint should be dismissed.

*Plaintiff's Opposition*

Slama has filed no opposition.

*Discussion*

By alleging that the officers acted under the color of law, that Slama's Fourth Amendment rights were violated, and that he suffered damages as a result, it is apparent that Slama is alleging a cause of action under 42 U.S.C. § 1983, although the statute is not expressly mentioned.[2] See WMX Techs., Inc. v. Miller, 197 F.3d 367, 372 (9th Cir. 1999). With respect to Madera, as a municipality, it "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [42 U.S.C. § 1983] under a *respondeat superior* theory." Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978); see Ulrich v. City & County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002). Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694; Ulrich, 308 F.3d at 984. Here, there are no allegations that identify a policy or custom by Madera, nor are there allegations that the officers acted pursuant to a custom or policy of Madera. To state a claim against Madera, Slama must allege that officers acted pursuant to the policies and customs of Madera and must allege what the policy or custom is.

---

[1] Defendants do not cite Government Code § 820.4, but instead erroneously cite Government Code § 818.2.

[2] It appears that only a claim under 42 U.S.C. § 1983 is alleged in the FAC. If there is only a § 1983 claim, then dismissal due to state law immunity under Government Code §§ 815.2, 820.2, and 820.4 is not appropriate, as those provisions do not apply in a § 1983 case. See Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir. 1996); Guillory v. Orange County, 731 F.2d 1379, 1382 (9th Cir. 1984). If Slama wishes to assert a state law cause of action, then he should expressly allege a violation of California law (as well as adequate facts) in an amended complaint. If an amended complaint sufficiently pleads a state law claim based on excessive force, "California denies immunity to police officers who use excessive force in arresting suspects." Robinson v. Solano, 278 F.3d 1007, 1016 (9t h Cir. 2002) (en banc); see also Blankenhorn v. City of Orange, 485 F.3d 463, 487 (9th Cir. 2007); Mary M. v. City of Los Angeles, 54 Cal.3d 202, 215 (1991); Scruggs v. Haynes, 252 Cal.App.2d 256, 266 (1967).

4

With respect to the individual officers, there are insufficient facts pled. Conclusory allegations that Shakianian and Chavez used excessive force without probable cause, and that Slama's Fourth Amendment rights were violated, are simply legal conclusions that do not, standing alone, state a claim. See Twombly, 127 S. Ct. at 1964-65; Warren, 328 F.3d at 1139; Sprewell, 266 F.3d at 988. In order to state a claim against the individual officers, Slama must allege sufficient facts to put the officers on notice of the basis of his Fourth Amendment claim. Twombly, 127 S.Ct. at 1964; Fontana, 262 F.3d at 877. The pertinent question in an excessive force case is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007). Slama is not required to go into great detail in describing the basis of his claim, but he should allege facts that show the circumstances of his encounter with the officers and what the officers did that could be considered excessive force.

Since the FAC has not sufficiently pled a cause of action under 42 U.S.C. § 1983 against any Defendant, dismissal of the complaint is appropriate. At this point, it is not clear whether granting leave to amend would be futile. Therefore, the Court will dismiss the FAC with leave to amend.[3]

//
//
//
//
//
//
//
//

---

[3] Since essentially no facts have been pled, the Court cannot determine whether qualified immunity would be appropriate. However, since the complaint is being dismissed due to the failure to state a claim, should Slama refile, Defendants may again move for qualified immunity if appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Madera's Rule 12(b)(6) motion to dismiss is GRANTED and the First Amended Complaint is DISMISSED;
2. Slama may file an amended complaint within fifteen (15) days of this order; and
3. If Slama does not file an amended complaint within fifteen (15) days of service of this order, the Clerk will be directed to enter judgment in favor of Defendants and to close this case.

IT IS SO ORDERED.

Dated:   **August 5, 2008**              /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE