# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SLAMA, | ) 1:08-cv-00810 AWI GSA |
| | ) |
| | ) |
| Plaintiff, | ) ORDER REGARDING MOTION TO |
| | ) WITHDRAW AS ATTORNEY OF RECORD |
| v. | ) FOR PLAINTIFF |
| | ) |
| CITY OF MADERA, MADERA POLICE | ) (Document 19) |
| DEPT., OFFICER CHAVEZ, OFFICER | ) |
| SHEKIANIAN, and DOES 1 through 100, | ) |
| | ) |
| Defendants. | ) |

Plaintiff's counsel, Brenda C. Hook, of the Law Office of Brenda C. Hook, moves for an order to withdraw as counsel of record for Plaintiff Anthony Slama. (Doc. 19). Defendants did not file any opposition or response to the instant motion. Accordingly, the Court vacated the hearing scheduled for October 10, 2008, and took the matter under submission. As explained more fully below, the motion to withdraw as attorney of record is hereby GRANTED.

## Background

Plaintiff, initially proceeding pro se, filed a complaint in the Superior Court of California, County of Madera on December 17, 2007, based on an alleged violation of his civil rights. In March 2008, Brenda C. Hook substituted in as counsel of record for Mr. Slama. On March 18, 2008, Plaintiff, through his counsel, filed an amended complaint for violation of his civil rights. On May 28, 2008, attorney Steven A. Geringer filed a case management conference statement in

1

1    the state court.  It does not appear that a substitution of attorney was filed.  Thereafter, the case

2    was removed to Federal District Court on June 9, 2008.  (Doc. 1).

3           On June 25, 2008, Defendant City of Madera filed a motion to dismiss the complaint.

4    (Doc. 6).  Plaintiff did not file an opposition to the motion.  On August 7, 2008, the Court

5    granted the motion to dismiss and permitted Plaintiff to file an amended complaint.  (Doc. 11).

6           On August 28, 2008, Plaintiff filed an Amended Complaint in this matter.[1]  In addition to

7    the amended complaint, Plaintiff's counsel of record, Brenda C. Hook, filed a declaration.  (Doc.

8    15).  In her declaration, Ms. Hook indicated she signed a substitution of attorney purporting to

9    substitute her out of this matter, but that such substitution of attorney was not filed.  Declaration

10   of Brenda C. Hook ("Hook Declaration"), at ¶¶ 3, 6.  Ms. Hook further declared that she filed the

11   amended complaint as a "professional courtesy in order to preserve Mr. Slama's lawsuit against

12   the City of Madera, et al."  Hook Declaration, at ¶ 8.  At the time, neither Ms. Cook nor her

13   colleague Daniel K. Martin filed a notice of substitution or a motion to withdraw as attorney.

14   Accordingly, on September 2, 2008, the Court directed Plaintiff's counsel to file:  (1) a proposed

15   substitution of attorney; (2) a Motion to Withdraw as Attorney; **or** (3) a statement that counsel

16   Brenda C. Hook and/or Daniel Martin intended to proceed as counsel of record for Plaintiff.

17          On September 22, 2008, Ms. Hook filed the instant motion to withdraw as Plaintiff's

18   attorney pursuant to Local Rule 83-182.

19                                              **Discussion**

20          Withdrawal as attorney of record is governed by the Rules of Professional Conduct of the

21   State Bar of California and Local Rule 83-182.  An attorney who has appeared in court on behalf

22   of a client may not withdraw leaving the client *in propria persona* without leave of court.  L.R.

23   83-182(d).  Pursuant to Local Rule, the attorney must provide an affidavit stating the current or

24   last known address of the client and the efforts made to notify the client of the motion to

25   withdraw.  *Id*.  Leave to withdraw may be granted subject to appropriate conditions.  *Id*.

26

27          [1]Plaintiff initially filed an amended complaint, along with the Declaration of Brenda Hook, on August 22,
28   2008.  (Doc. 13).  Plaintiff designated such filing as a "Motion to Amend the Complaint."  (Doc. 13).  On August 28,
     2008, the Clerk of the Court directed Plaintiff to re-file the amended complaint electronically using the correct event.
     (Doc. 14).

In this case, counsel attempted to preserve Plaintiff's rights by filing an amended complaint following the Court's order granting the motion to dismiss with leave to amend. Declaration of Brenda C. Hook in support of motion ("Supporting Decl."), at ¶ 6. Counsel explains that she signed a substitution of attorney at Steven Geringer's office on April 11, 2008. She believed that Mr. Geringer would file the substitution of attorney. Supporting Decl., at ¶ 1. As noted above, Mr. Geringer filed a case management statement on behalf of Mr. Slama in state court on May 28, 2008. Supporting Decl., at ¶ 2.

Ms. Hook further declares that she "ran into" Mr. Geringer in the hallway at Madera Superior Court on or about July 24, 2008. Supporting Decl., at ¶ 3. She inquired as to why she was still receiving e-mails from the federal district court and defense counsel. *Id*. She was informed by Mr. Geringer that he was not going to substitute as counsel for Mr. Slama and he did not file the signed substitution of attorney. *Id*.

Ms. Hook indicates that, on or about the week of August 11, she received an e-mail informing her that Mr. Slama's case had been dismissed with leave to amend. Supporting Decl., at ¶ 5. Shortly thereafter, she "ran into Mr. Geringer" at Madera Superior Court and suggested that he file the amended complaint as a professional courtesy to the client. *Id*. Ms. Hook reports that after several phone calls and letters, Mr. Geringer refused to file the amended complaint. Supporting Decl., at ¶ 6. Ms. Hook decided to file the amended complaint as a professional courtesy in order to preserve Mr. Slama's lawsuit against Defendants. *Id*.

Ms. Hook asserts that she has provided Plaintiff with the proper notice by sending him a copy of the motion to withdraw. Counsel also declares that she received correspondence from Plaintiff stating that he believed that Mr. Geringer was still representing him. Hook Decl., at ¶ 7. Rule of Professional Conduct 3-700(C) allows an attorney to withdraw from representation in limited circumstances, including where the client knowingly and freely assents to the termination or where there is good cause for withdrawal. Professional Rule of Conduct 3-700, Termination of Employment. Plaintiff has not filed any papers in opposition to the motion to withdraw.

3

The Court finds good cause to support withdrawal.  However, the Court notes that Ms. Hook has not complied with the requirements of Local Rule 83-182(d).  Specifically, she has not submitted an affidavit stating the current or last known address or addresses of Mr. Slama.

### Order

Based on the foregoing, IT IS HEREBY ORDERED:

1.    Ms. Hook's motion for leave to withdraw as Plaintiff's counsel is GRANTED subject to the following conditions:

    a.    Ms. Hook shall provide the Court with an affidavit setting forth the last known address or addresses of Mr. Slama within five (5) court days of the date of this Order.

    b.    Ms. Hook also shall serve a copy of this Order and a copy of the pending Motion to Dismiss and Motion to Strike on Plaintiff at his last known address.  Ms. Hook shall file proof of such service with the Court.

2.    The Scheduling Conference in this matter currently set for October 27, 2008, is taken off calendar.

IT IS SO ORDERED.

**Dated:    October 15, 2008**                          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

4