IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SLAMA, | 1:08-cv-810 AWI GSA |
| Plaintiff, | ORDER ON PLAINTIFF'S EX PARTE MOTION FOR EXTENSION OF TIME AND ORDER ON CITY OF MADERA'S MOTION TO DISMISS AND MOTION TO STRIKE |
| v. | |
| CITY OF MADERA, MADERA POLICE DEPT., OFFICER CHAVEZ, OFFICER SHEKIANIAN, and DOES 1 through 100, | |
| Defendants. | (Doc. Nos. 18, 37) |

This is a civil rights case brought by Plaintiff Anthony Slama against the City of Madera ("the City") and two Madera police officers. Plaintiff alleges Fourth Amendment violations against the Defendants in connection with Plaintiff's arrest. Currently pending before the Court is the City's combined motion to dismiss and motion to strike and Plaintiff's ex parte request for additional time to file an opposition.

**PROCEDURAL BACKGROUND**

This case was removed from the Madera County Superior Court. On August 7, 2008, this Court granted a motion to dismiss with leave to amend. An amended complaint was filed on August 28, 2008. The amended complaint was filed by attorney Brenda Hooks. Along with the amended complaint was a declaration in which Ms. Hooks indicated that she believed that attorney Steven Geringer was going to be Plaintiff's counsel, that Geringer did not file a substitution of counsel but had filed a case management statement in the Madera County court, she did not know whether Plaintiff wanted her to continue representation, that she was not in a

position to continue representing Plaintiff, and that she was filing the amended complaint as a courtesy. On October 21, 2008, Hooks was allowed to withdraw and Plaintiff proceeded pro se. Defendants had filed an answer on September 11, 2008, and several minutes later on the same date filed this motion to dismiss. See Court's Docket Doc. Nos. 17, 18. In light of the withdrawal of Hooks, Plaintiff was granted two extensions of time in which to file an opposition: one extension was by the Court *sua sponte* and the other was granted per Plaintiff's motion. The opposition to the City's motion was due on December 12, 2008. On December 11, 2008, Geringer filed a motion for an extension to file an opposition. Geringer states that he will be substituting in as counsel, that he received information late from Plaintiff because of a wrong address, and that he will be able to file an opposition on January 12, 2008. The City opposes the extension. There is no hearing date currently set for the pending motion.

### PLAINTIFF'S EX PART REQUEST FOR ADDITIONAL TIME

Because Plaintiff has had sufficient time to formulate an opposition, Geringer has been aware of the proceedings in federal court (as made clear by the City's opposition), and the City's motion will be granted with leave to amend, the Court will deny Plaintiff's ex parte motion for an extension of time to file an opposition.

### MOTION TO DISMISS/MOTION TO STRIKE

*Defendant's Argument*

The City argues that Plaintiff has failed to adequately plead a cause of action against it for a violation of 42 U.S.C. § 1983. The only allegations in the complaint relate to the conduct of the two police officers during this encounter. There is no allegation or identification of a policy or custom that caused harm to Plaintiff. Because there is insufficient allegations of injury due to a custom or policy, dismissal is appropriate.

Also, Plaintiff alleges under "Section F" of the complaint that he suffered from, *inter alia*, intentional infliction of emotional distress and false imprisonment. Intentional infliction of emotional distress and false imprisonment are state law torts. To bring a state law tort cause of action against a public entity, a plaintiff must comply with the California Tort Claims Act. Plaintiff failed to file a tort claim with the City. Thus, these claims should be struck.

*Legal Standard*

The City's motion to dismiss and motion to strike are untimely. The City's motion was filed after it filed its answer. Cf. Court's Docket Doc. No. 17 with Doc. No. 18. A Rule 12(b)(6) motion must be made before the responsive pleading. Fed. R. Civ. Pro. 12(b); MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006). Where a motion to dismiss is filed after the filing of an answer, the motion will be treated as a motion for judgment on the pleadings pursuant to Rule 12(c).[1] Id.

Under Federal Rule of Civil Procedure 12(c), "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. See MacDonald, 457 F.3d at 1081; Hal Roach Studios v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. See Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005); Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004). "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." Hal Roach Studios, 896 F.2d at 1550. Although Rule 12(c) does not mention leave to amend,

---

[1] The motion to strike challenges potentially alleged state law claims by stating that there is no compliance with the California Tort Claims Act. That is a challenge that goes to the factual sufficiency of allegations, which is a matter for a 12(b)(6) motion and not a 12(f) motion. Accordingly, the Court will treat the 12(f) motion as a Rule 12(b)(6) motion. See Balabanos v. North Am. Inv. Group, Ltd., 708 F.Supp. 1488, 1497 (N.D. Ill. 1988); Egan v. Pan Am. Airways, 62 F.R.D. 710, 712 (S.D. Fla. 1974).

courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment.  See Lonberg v. City of Riverside, 300 F.Supp.2d 942, 945 (C.D. Cal. 2004); Carmen v. San Francisco Unified School Dist., 982 F.Supp. 1396, 1401 (N.D. Cal. 1997).  The court need not grant leave to amend when doing so would be futile and the deficiencies in the complaint could not be cured by amendment.  See Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1046 (9th Cir. 2006);Gomez v. Winslow, 177 F.Supp.2d 977, 981 (C.D. Cal. 2001).  Further, "[a]lthough Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action."  Carmen, 982 F.Supp. at 1401; see also Hewett v. Willingboro Bd. of Educ., 421 F.Supp.2d 814, 816 (D.N.J. 2006); Schiappa v. Brookhaven Sci. Assocs., LLC, 403 F.Supp.2d 230, 234 (E.D.N.Y. 2005); McLaughlin Transp. Sys. v. Rubinstein, 390 F.Supp.2d 50, 57 (D. Mass. 2005); Marrero v. Modern Maint. Bldg. Servs., 318 F.Supp.2d 721, 723 (E.D. Wis. 2004); Roper v. Exxon Corp., 27 F. Supp.2d 679, 685 (E.D. La. 1998).

*Discussion*

1.     42 U.S.C. § 1983 Claim Against the City

A municipality "cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under [42 U.S.C. § 1983] under a *respondeat superior* theory."  Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978); see Ulrich v. City & County of San Francisco, 308 F.3d 968, 984 (9th Cir. 2002).  Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  Monell, 436 U.S. at 694; Ulrich, 308 F.3d at 984.  Also, a "plaintiff cannot demonstrate the existence of a municipal policy or custom based solely on a single occurrence of unconstitutional action by a non-policymaking employee."  McDade v. West, 223 F.3d 1135, 1141 (9th Cir. 2000); see also Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir. 1989).

Here, the City is correct.  There are no allegations that the officers acted pursuant to any

custom or policy of the City.  The complaint focuses only on the conduct of the officers in this isolated incident.  Because there is no *respondeat superior* liability and no allegations of conduct pursuant to a policy by the City, the complaint again does not allege a viable cause of action against the City.  Dismissal is appropriate.[2]

### 2.	State Law Tort Claims

As a prerequisite for money damages litigation against a public entity, the California Tort Claims Act requires presentation of the claim to the entity.  See Cal. Gov. Code § 945.4; State of California v. Superior Court, 32 Cal.4th 1234, 1240-44 (2004) ("Bodde").  Also, the California Legislature "included in the Tort Claims Act what amounts to a requirement that . . . one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities." Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13 (1991) (citing Cal. Gov. Code §§ 911.2, 945.4, 950.2, 950.6(a)).  "[C]ompliance with the claims statute is mandatory and failure to file a claim is fatal to the cause of action." City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974); see Bodde, 32 Cal.4th at 1240.  A federal complaint must allege compliance with the California Tort Claims Act when bringing state law claims against California public entities or be subject to dismissal.  Karim-Panahi v. Los Angele Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

Here, it is unclear whether Plaintiff is actually alleging claims for intentional infliction of emotional distress or false imprisonment.  To the extent Plaintiff is alleging these state law causes of action, see Lyons v. Fire Ins. Exchange, 161 Cal.App.4th 880, 888 (2008) (elements of tortious false imprisonment); Delfino v. Agilent Technologies, Inc., 145 Cal.App.4th 790, 808 (2007) (elements of intentional infliction of emotional distress), there has been no allegation of

---

[2]Additionally, the City argues that the complaint seeks one million dollars in damages.  The City states that it is not liable for punitive damages.  The complaint does not expressly allege punitive damages.  To the extent Plaintiff seeks punitive damages, the City is correct.  Punitive damages may not be imposed on a government entity for a violation of 42 U.S.C. § 1983.  City of Newport v. Fact Concerts, 453 U.S. 247, 271 (1981).  Further, exemplary damages under California Civil Code § 3294 may not be imposed on a government entity under the immunity of California Government Code § 818.  See Cal. Gov. Code § 818; Westland Water Dist. v. Amoco Chemical Co., 953 F.2d 1109, 1113 (9th Cir. 1992); Megargee v. Wittman, 550 F.Supp.2d 1190, 1213 (E.D. Cal. 2008).  The Complaint will not be read as alleging punitive damages against the City.

compliance with the California Tort Claims Act. Dismissal is therefore appropriate. <u>Karim-Panahi</u>, 839 F.2d at 627; <u>Bodde</u>, 32 Cal.4th at 1240; <u>City of San Jose</u>, 12 Cal. 3d at 455.

## **CONCLUSION**

The City's motion, which the Court views as a Rule 12(c) motion, is meritorious. The allegations against the City are insufficient to allege a 42 U.S.C. § 1983 claim because there are no allegations that Plaintiff was injured due to conduct pursuant to a policy or custom of the City. Further, to the extent that Plaintiff seeks to recover under state law tort theories against either the officers or the City, there are no allegations of compliance with the California Tort Claims Act. Dismissal is appropriate.

In the first motion to dismiss, the only cause of action at issue was under 42 U.S.C. § 1983. The Court dismissed the § 1983 claim against the City for the same reason it does so now, no allegations of conduct pursuant to a policy or custom. The state law torts issue was not raised. Given the second failure to allege a § 1983 against the City, there is a basis for dismissal without leave to amend. However, it is not clear that amendment would be futile with respect to state law tort claims (to the extent that Plaintiff is so alleging). Further, the Plaintiff's representation status has been irregular and not always clear. Therefore, the Court will grant dismissal with leave to amend. See <u>Deveraturda</u>, 454 F.3d at 1046; <u>Lonberg</u>, 300 F.Supp.2d at 945.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for additional time to file an opposition is DENIED;
2. Defendant the City of Madera's motion for judgment on the pleadings is GRANTED, but with leave to amend; and
3. Plaintiff may file an amended complaint consistent with this order on or by January 12, 2009.

IT IS SO ORDERED.

**Dated:   December 17, 2008**          /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE