UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SLAMA,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF MADERA, MADERA POLICE DEPT., OFFICER CHAVEZ, OFFICER SHEKIANIAN,<br><br>        Defendants. | 1: 08-cv-00810 AWI GSA<br><br>SCHEDULING ORDER (Fed.R.Civ.P 16)<br><br>Discovery Deadlines:<br>    Initial Disclosures: March 16, 2009<br>    Non-Expert: October 29, 2009<br>    Expert Disclosure: November 27, 2009<br>    Supp.Expert Discl: December 11, 2009<br>    Expert Discovery: January 15, 2010<br><br>Motion Deadlines:<br>    Non-Dispositive: February 5, 2010<br>    Dispositive: March 5, 2010<br><br>Pre-Trial Conference:<br>    May 7, 2010 at 8:30 a.m.<br>    Courtroom 2 (AWI), 8th Floor<br><br>Trial:  July 13, 2010 at 8:30 a.m.<br>       Courtroom 2 (AWI), 8th Floor<br>       5 Day Jury Trial<br><br>Settlement Conference:<br>    November 24, 2009 at 10:30 a.m.<br>    Courtroom 10 (GSA), 6th Floor |

**I.**    **Date of Scheduling Conference**

April 2, 2009.

**II.     Appearances of Counsel**

Steven A. Geringer personally appeared on behalf of Plaintiff Anthony Slama.

Michelle E. Sassano personally appeared on behalf of Defendants City of Madera, Officer Chavez and Officer Shekianian[1].

**III.    The Pleadings**

**Factual Contentions**

On December 20, 2005, late at night in Madera, California, Plaintiff Anthony Slama was walking on a public sidewalk going to his home. While traveling to his home, Slama approached the intersection of South C Street and Central Avenue, where he noticed a Madera Police Department ("MPD") cruiser slowing down past his location and shining a light into his face. Thereafter, the MPD cruiser made a u-turn and immediately returned to Slama's location.

The MPD cruiser stopped at or near Slama and both of the officers immediately jumped out of the cruiser and ran towards Slama. While the two officers were running twoard him, one of the officers yelled to Slama, "Stop, I am going to search you for weapons."

Upon hearing the command of the officer, which Slama believes was that of MPD Officer Shekalian, he stopped on the sidewalk. Almost immediately after the above-referenced command, MPD Officer Shekalian arrived at Slama's position and immediately grabbed his left arm and wrist, twisting the hand and wrist up behind Slama's back. At almost the exact same time, MPD Officer Chavez grabbed Slama's right hand, twisting it, while forcing Slama to a knee on the ground. One of the officers then grabbed Slama in a choke hold and rode his body to the ground. Then Slama was "tazed" by one of the officers. Slama was then handcuffed, arrested for a violation of California Penal Code section 148(a)(1), and transported to the Madera Department of Corrections.

//

//

---

[1]The officer's surname is spelled both "Shekianian" and "Shekalian" by the parties.

**IV.** **Factual Summary**

**A.** **Uncontested Facts by Defendant:**

1. Defendant are the City of Madera, Madera Police Department and two officers within the police department.

2. On or about December 20, 2005, Plaintiff was detained by Officers Sheklanian and Chavez.

3. Plaintiff was arrested under California Penal Code section 148(a)(1), for resisting, delaying or obstructing a police officer.

**B.** **Contested Facts by Defendant:**

1. Defendants generally contest all facts, except those set forth above as uncontested.

2. That either Officer Shekianian and Officer Chavez used improper, injurious or excessive force toward Plaintiff.

3. That the two officers turned their cruiser around and immediately jumped out of the cruiser and ran towards Plaintiff.

4. That Officer Sheklanian almost immediately grabbed Slama's left hand and wrist, twisting the hand and wrist behind Plaintiff's back.

5. That Officer Chavez, at the exact same time, grabbed Plaintiff's right hand and forced Plaintiff to the ground.

6. That either officer grabbed Plaintiff in a choke hold and forced him to the ground.

7. That Plaintiff was tazed by the officers while he was on the ground.

8. That Plaintiff followed the officers commands at all times.

9. That Plaintiff never consented to a search.

10. That Plaintiff was arrested in violation to his constitutional rights.

11. That the City of Madera's officer training program was inadequate.

12. That the officers lacked reasonable suspicion or probable cause;

13. That the City of Madera had a custom or policy which violated Plaintiff's civil rights;

14. That Defendants have a policy or custom of refusing or failing to reprimand officers or allowing violations of individuals civil rights.

15. That Plaintiff suffered physical and emotional injuries.

### V. Summary of Undisputed and Disputed Legal Issues

#### A. Undisputed Legal Issues by Defendants

1. Jurisdiction exists under 28 U.S.C. §1331, 42 U.S.C. §1983.
2. Venue is proper under 28 U.S.C. §1391.
3. To the extent that local standards of conduct govern evaluation of the issues of the case, the Defendants agree that the substantive law of the State of California applies.

#### B. Disputed Legal Issues by Defendants

1. That the officers lacked probable cause;
2. That Plaintiff's Fourth Amendment constitutional rights were violated;
3. That Defendants acted without reasonable or probable cause;
4. That Defendants violated Plaintiff's civil rights by using excessive force in detaining and/or arresting Plaintiff;
5. That Defendants' deprived Plaintiff of his civil rights as a result of a failure to train its officers.
6. That the City of Madera's officer training program was inadequate;
7. That any custom or policy of the City of Madera Police Department exists that would or did deprive Plaintiff of his constitutional rights.
8. Generally, all other pertinent legal issues regarding liability and damages are contested.

//

**VI. Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636 (c), the parties have not consented in writing to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, U.S. Magistrate Judge.

**VII. Discovery Plan and Cut-Off Date**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26 on or before **March 16, 2009**. The parties are ordered to complete all discovery pertaining to non-experts on or before **October 29, 2009**.

The parties are directed to disclose all expert witnesses, in writing, on or before **November 27, 2009**. The parties shall also disclose all supplemental experts on or before **December 11, 2009**. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) and shall include all information required thereunder**. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

The parties are directed to complete all expert discovery on or before **January 15, 2010**. The provisions of Fed. R. Civ. P. 26 (b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking expert designation and preclusion of expert testimony.

**VIII. Pre-Trial Motion Schedule**

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than **February 5, 2010.** Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin, United States Magistrate Judge in Courtroom 10. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

1         In scheduling such motions, the Magistrate Judge may grant applications for an
order shortening time pursuant to Local Rule 6-142(d). However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

        Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one party requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

        All Dispositive Pre-Trial Motions shall be filed no later than **March 5, 2010**, and heard in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, the parties shall comply with **Local Rules 78-230 and 56-260**.

### IX.    Pre-Trial Conference Date

        The pre-trial conference will be held on **May 7, 2010**, **at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii. The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial statement in Word Perfect X3[2] format, directly to Judge Ishii's chambers by email at awiorders@caed.uscourts.gov. The parties' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

### X.    Trial Date

        The trial will be held on **July 13, 2010, at 8:30 a.m.** in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

//

---

[2] If WordPerfect X3 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

1           A.      This is a jury trial.

2           B.      Parties' Estimate of Trial Time: 5 days.

        The parties' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**XI.    Settlement Conference**

A Settlement Conference is scheduled for **November 24, 2009, at 10:30 a.m.** in Courtroom 10 before the Honorable Gary S. Austin, United States Magistrate Judge. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[3] at the conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Austin's chambers by e-mail to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

        A. A brief statement of the facts of the case.

//

---

[3] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

B. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C. A summary of the proceedings to date.

D. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E. The relief sought.

F. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire a settlement conference, they will jointly request one of the court, and one will be arranged. In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**XII.** **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have not requested bifurcation.

**XIII.** **Related Matters Pending**

The parties have indicated there are no related matters.

**XIV.** **Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

//

**XV.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions.


IT IS SO ORDERED.

Dated:   **April 2, 2009**             /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE