# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF MADERA, et al.,<br><br>        Defendants. | Case No.: 1:08-cv-00810-AWI-SKO<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO SERVE PLAINTIFF'S COUNSEL OF RECORD WITH PLAINTIFF'S MOTION FOR RECONSIDERATION AND PROPOSED ORDER FOR SUBSTITUTION OF ATTORNEY**<br><br>(Docs. 63, 65) |

On April 15, 2011, Plaintiff Anthony Dean Slama ("Plaintiff") filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60 and a proposed order signed by Plaintiff seeking to substitute himself as attorney of record in this action and place himself in *propria persona*. (Docs. 63, 65.) Local Rule 182(g) requires that a withdrawing attorney sign the request for substitution of counsel. Plaintiff's counsel of record, Steven A. Geringer, has not signed the requested substitution of attorney.

As an initial matter, the Court notes that parties have the right to "plead and conduct their own cases personally." 28 U.S.C. § 1654. Further, Plaintiff's motion for reconsideration essentially asserts that Mr. Geringer failed to file oppositions to the motions for summary judgment by Defendant Madera Police Department and then informed Plaintiff that the Court had dismissed the action after finding that there was no triable issue of fact. (Doc. 63, 6:1-26, Exh. C.) Chief District

1 Judge Anthony W. Ishii's orders concerning the motions for summary judgment found that
2 oppositions had not been filed by Plaintiff. (Doc. 56, 1:21-22; Doc. 59, 1:26.)[1]

3     Based upon Plaintiff's representations and in the interest of justice, the Court is inclined to
4 allow Plaintiff to substitute counsel in order to represent himself in *propria persona*. Nonetheless,
5 since the request for substitution of attorney has not been signed by Mr. Geringer in accordance with
6 Local Rule 182(g), the Court will allow Mr. Geringer an opportunity to respond to Plaintiff's request.

7     The Clerk of the Court shall, therefore, serve Mr. Geringer electronically and via U.S. mail
8 with Plaintiff's motion for reconsideration and the proposed order for substitution of attorney (Docs.
9 63, 65). Mr. Geringer shall have five (5) days from the date of service of this order to file a response
10 or objection to the substitution of counsel. Mr. Geringer's failure to file a response shall be construed
11 as his consent to the substitution of counsel.

12     Accordingly, it is ORDERED that:

13     1. The Clerk of the Court shall serve Plaintiff's counsel of record, Mr. Geringer,
14 the motion for reconsideration and the proposed order for substitution of
15 attorney, (Docs. 63, 65), electronically and via U.S. mail; and

16     2. Any response or objection by Mr. Geringer to Plaintiff's request for
17 substitution of counsel shall be filed within five (5) days of the date of service
18 of this order.

19 The Court shall deem Mr. Geringer's failure to file a response as Mr. Geringer's consent to
20 the substitution of counsel and Plaintiff shall be allowed to substitute himself as the attorney of
21 record and place himself in *propria persona.*
22 IT IS SO ORDERED.
23 **Dated:   July 21, 2011**         /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] As Mr. Geringer failed to file any oppositions to the motions for summary judgment on Plaintiff's behalf, it
27 is not clear to the Court whether Mr. Geringer had abandoned representation of his client.

28     2