# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF MADERA, et al.,<br><br>        Defendants. | Case No.: 1:08-cv-00810-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Doc. 63) |

## I. INTRODUCTION

On April 15, 2011, Plaintiff Anthony Dean Slama ("Plaintiff") filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) and a proposed order seeking to substitute himself as attorney of record in this action and place himself in *propria persona*. (Docs. 63, 65.) On July 27, 2011, the Court granted Plaintiff's request concerning the substitution of counsel after having received a statement of non-opposition to the substitution from Plaintiff's former attorney, Steven A. Geringer. (Docs. 71, 72.) Plaintiff is thus currently representing himself in *propria persona*. The Court now considers Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion be GRANTED.

## II. BACKGROUND

On December 17, 2007, Plaintiff, representing himself in *propria persona*, filed this action in the Madera Superior Court. Defendant City of Madera ("City") removed the action to federal court on June 9, 2008, and filed a motion to dismiss on June 25, 2008. (Docs. 1, 6.) On August 7, 2008, the Court granted the motion to dismiss. (Doc. 11.)

On August 28, 2008, Plaintiff, then represented by attorneys Daniel Martin and Brenda C. Hook, filed an amended civil rights complaint against Defendants City, Madera Police Department ("MPD"), Officer Chavez, and Officer Sheklanian[1] (collectively, "Defendants"). (Doc. 15.) On September 11, 2008, Defendants MPD and Officers Chavez and Sheklanian filed an answer to Plaintiff's amended complaint, and Defendant City filed a motion to dismiss. (Docs. 17, 18.)

On September 2, 2008, based upon representations by Ms. Hook, the Court ordered that she file a proposed substitution of attorney, a motion to withdraw as attorney, or a statement that she and/or Mr. Martin would proceed as Plaintiff's counsel. (Doc. 16.) On September 22, 2008, Ms. Hook filed a motion to withdraw as attorney, which was granted by the Court on October 21, 2008. (Docs. 22, 32.)

Plaintiff filed a motion requesting appointment of counsel on October 24, 2008, which was denied on November 3, 2008. (Docs. 33, 34.) On December 11, 2008, Plaintiff, represented by new counsel Mr. Geringer, filed an ex parte application for extension of time to file an opposition to Defendant City's motion to dismiss. (Doc. 40.) On December 17, 2008, the Court denied Plaintiff's application for an extension of time and granted Defendant City's motion to dismiss with leave to amend. (Doc. 43.)

On January 11, 2009, Plaintiff, represented by Mr. Geringer, filed a second amended complaint alleging Constitutional violations. (Doc. 44.) Plaintiff's second amended complaint alleged that on December 20, 2005, Plaintiff was walking along a public sidewalk late at night when an MPD police cruiser drove past him, made a U-turn, and returned to Plaintiff's location. (Doc. 44, ¶ 9.) Allegedly, Officers Chavez and Sheklanian jumped out of the car and ran toward Plaintiff; one

---

[1] Officer Sheklanian was erroneously identified as "Shekianian" in the complaints. *See* Doc. 56, p. 1, fn. 1; Doc. 59, p. 1, fn. 1.

of the officers yelled, "Stop, I am going to search you for weapons." (Doc. 44, ¶ 10.) Plaintiff contends that he stopped immediately upon hearing the police officer's command, but that Officer Sheklanian grabbed Plaintiff's left hand and wrist and twisted them behind his back while Officer Chavez twisted Plaintiff's right hand and forced Plaintiff to the ground. (Doc. 44, ¶¶ 11-12.) Plaintiff was allegedly placed in a "choke hold" and was "tazed" and handcuffed. (Doc. 44, ¶ 12.) Plaintiff asserts that he followed all commands and did not consent to a search, assault, or touching of his body by the officers. (Doc. 44, ¶ 13.) As a result of these events, Plaintiff was arrested for violation of California Penal Code § 148(a)(1) (willfully resisting, delaying, or obstructing a peace officer when the officer was engaged in the performance of his duties). (Doc. 44, ¶ 14.)

Plaintiff's second amended complaint was brought under 42 U.S.C. § 1983 and alleged four causes of action for violations of the Fourth Amendment: the first cause of action alleged that Plaintiff was arrested without probable cause, the second cause of action alleged that Defendants used excessive force, the third cause of action alleged that MPD failed to properly train its officers, and the fourth cause of action alleged that MPD had a custom and policy of permitting officers to use excessive force. (Doc. 44, ¶¶ 15-18.)

Defendants filed an answer to the second amended complaint on February 2, 2009. (Doc. 46.) A scheduling conference was held on April 2, 2009, during which Mr. Geringer, on behalf of Plaintiff, and counsel for Defendants were present. (Doc. 50.) A settlement conference was held on November 24, 2009, at which Mr. Geringer and Defendants' counsel were present; the case did not settle. (Doc. 52.)

On March 5, 2010, Defendants filed a motion for summary judgment. (Doc. 53.) Plaintiff, represented by Mr. Geringer, did not file an opposition. On April 16, 2010, the Court granted Defendants' motion as to the first, third, and fourth causes of action and permitted Defendants to file an additional motion for summary judgment as to the second cause of action so as to address deficiencies in their argument. (Doc. 56, 14:8-22.) The Court's order stated that the factual background concerning the decision was taken from Defendants' Undisputed Material Facts ("DUMF") and noted that Plaintiff "filed no response, objection, or contrary evidence" and "filed no opposition or response of any kind." (Doc. 56, 1:21-22, fn. 2.)

On April 26, 2010, Defendants filed a motion for summary judgment as to Plaintiff's second cause of action. (Doc. 57.) Plaintiff, represented by Mr. Geringer, failed to file an opposition. On May 20, 2011, the Court granted Defendants' motion for summary judgment, noting again that the factual background was based on the DUMFs and that Plaintiff did not file an opposition or response "of any kind." (Doc. 59, 1:26, 2:fn 2.) Judgment was entered in favor of Defendants, and the case was closed. (Docs. 59, 60.)

On April 15, 2011, Plaintiff, on his own behalf, filed the instant motion for reconsideration and a proposed order for substitution of attorney so as to substitute himself as attorney of record and place himself in *propria persona*. (Docs. 63, 65.) As noted above, the Court granted the substitution of counsel on July 27, 2011. (Doc. 72.). The Court now considers the motion for reconsideration.

### III.   DISCUSSION

Plaintiff seeks to set aside the Court's two summary judgment orders pursuant to Federal Rule of Civil Procedure 60(b)(1)-(6) on grounds that he was not aware that the motions had been filed and, as such, failed to oppose the motions due to his lack of knowledge. Plaintiff asserts that, as a result of his failing to file an opposition, the motions were granted and judgment was entered in favor of Defendants.

**A.   Legal Standard**

Fed. R. Civ. P. 60(b) provides:

> Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

4

(6) any other reason that justifies relief.

A motion filed under Rule 60(b) "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

**B.    Analysis**

    **1.    Timing of Motion**

The Court entered its ruling granting Defendants' motion for summary judgment as to the first, third, and fourth causes of action on April 16, 2010, and entered its ruling granting the motion for summary judgment as to the second cause of action on May 20, 2010. (Docs. 56, 59.) Judgment was entered on behalf of Defendants on May 20, 2010, and the case was closed. (Docs. 59, 60.)

Plaintiff filed the instant motion for reconsideration on April 15, 2011, one day shy of one year from the date that the Court entered its first ruling as to Defendants' summary judgment motions (and exactly one year from the date the order was signed). (Doc. 56.) Plaintiff has brought this motion within "no more than a year" as required for consideration under Rule 60(b)(1)-(3), and thus within a "reasonable time" as required under Rule 60(c)(1).

The Court notes that Plaintiff's motion was filed essentially nine months after Plaintiff learned via letter on July 19, 2010, from Mr. Geringer, his now former counsel, that the case was closed. (Doc. 63, 2:24-3:4, Exh. C.) Further, Plaintiff's motion was filed almost nine months after Plaintiff's wife learned from the Clerk of the Court that Defendants had been granted summary judgment. (Doc. 63, 74:8-15.)

Although Plaintiff does not fully explain the delay from the time that he learned of the closing of this action and the filing of this motion, the Court notes that Plaintiff is currently incarcerated at Corcoran State Prison. (Doc. 64.) Plaintiff filed habeas corpus petitions in both federal and state courts, which appear to have been denied on January 2, and March 23, 2011, respectively. (*See* Doc. 63, pp. 44-46, 51-53.) As of September 2010, it appears that Plaintiff was preparing documents for those petitions. (*See, e.g.,* Doc. 63, pp. 57-61.) Thus, considering that Plaintiff is presently representing himself in *propria persona*, is currently incarcerated, appears to have been handling several legal actions, and filed this motion within one year as required under

1  Rule 60(c)(1) for consideration of Rule 60(b)(1)-(3) motions, the Court finds that Plaintiff's motion
2  is timely.
3      **2.**     **Rule 60(b)(1)**
4      Plaintiff contends that due to "surprise" he is entitled to relief under Rule 60(b)(1), which
5  provides that "the court may relieve a party or its legal representative from a final judgment, order,
6  or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Plaintiff argues that he
7  was not informed of Defendants' motions for summary judgment, which was "very odd" because
8  he had been informed of everything else "moving under the sun in reference to this case." (Doc. 63,
9  2:14-15.) Plaintiff asserts that only the Court, Defendants, and Plaintiff's counsel knew of the
10 motions and that Plaintiff did not learn of the motions or that his case had been closed until mid-July
11 2010, more than two months after the second motion for summary judgment had been granted.
12 (Doc. 63, 2:18-20, 73:16-20, 74:8-10.) As a result of Plaintiff's lack of knowledge of the motions,
13 Plaintiff asserts that he had no opportunity to file oppositions against Defendants' motions and that
14 the Court was only able to consider a one-sided version of the case. (Doc. 63, 6:16-18.) Plaintiff
15 further contends that he had no reason to suspect that judgment was about to be entered against him
16 since he received a request from his attorney for the release of medical records related to this case
17 on April 15, 2010, the "exact date" that the Court granted Defendants' motion for summary
18 judgment as to the first, third, and fourth causes of action. (Doc. 63, 7:16, Exh. E.)
19     Plaintiff's argument that his motion for reconsideration should be granted because he was
20 not aware of the motions for summary judgment lacks merit. Plaintiff was represented by an
21 attorney at the time the motions were filed. Federal Rule of Civil Procedure 5(b)(1) concerns the
22 serving and filing of pleadings and other papers when a party is represented by counsel and provides
23 that "[i]f a party is represented by an attorney, service under this rule **must** be made on the attorney
24 unless the court orders service on the party." (emphasis added). Rule 5(b)(1) thus requires that
25 Plaintiff's counsel, Mr. Geringer, be served with the motion. Further, there was no Court order
26 directing Defendants to serve Plaintiff with their motions, nor did there appear to be any need
27 requiring Plaintiff to be served directly as Mr. Geringer had appeared on Plaintiff's behalf at the two
28

events preceding the filing of the motions: the scheduling conference held on April 2, 2009, and the settlement conference held on November 24, 2009. (Docs. 50, 52.)

Mr. Geringer was properly served with the motions for summary judgment. California Business & Professions Code § 6068(m) provides that it is an attorney's duty "to keep clients reasonably informed of significant developments in matters." As such, Mr. Geringer was tasked with the responsibility of informing his client of the pending motions for summary judgment. Defendants' counsel was not authorized under Rule 5(b)(1) to contact Plaintiff directly so as to inform him of the pending motions, and in fact to do so "might be an improper communication with a represented party, and could well be a breach of professional ethics." *See Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 487 (8th Cir. 1993). Further, there was no reason for the Court to have ordered service on Plaintiff, as there was no reason to presume that Mr. Geringer was not actively representing his client based on his appearances at the scheduling and settlement conferences. There is thus no basis for Plaintiff's argument that he was "surprised" by lack service of the motions as he was properly served through his attorney and "[c]lients are 'considered to have notice of all facts known to their lawyer-agent.'" *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir.2002) (citation omitted) ("*Tani*").

Rule 60(b)(1) also allows the Court to consider setting aside a judgment based on mistake, inadvertence, or excusable neglect. While it may be conceivable that Mr. Geringer's failure to file any oppositions to Defendants' motions to summary judgment may be due to mistake, inadvertence, or neglect, Plaintiff fails to provide any evidence to support such a contention. There is no declaration from Mr. Geringer as to his mistake or inadvertence, and no reason for the Court to presume that Mr. Geringer's neglect in failing to file two oppositions was excusable.

Excusable neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 388 (1993). Here, Plaintiff fails to show that the lack of opposition to Defendants' motions was based on either a faultless omission or carelessness on Mr. Geringer's part. The only document submitted by Plaintiff from his counsel was a letter that states that the motions for summary judgment were decided by the Court "as a matter of law" as there was "no triable issue of

fact"; the letter is silent as to Mr. Geringer's failure to oppose the motions. (Doc. 63, Exh. C.) There is no explanation provided as to why Plaintiff did not file an opposition, other than that Plaintiff was unaware that the motions had been filed.

Rule 60(b)(1) provides no relief for ignorance, carelessness, or inexcusable neglect. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100-01 (9th Cir.2006) (declining to grant relief from judgment based upon alleged attorney-based mistakes of law and noting that "this includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct"). As such, there is no showing of mistake, inadvertence, or excusable neglect permitting relief under Rule 60(b)(1).

### 3. Rule 60(b)(2)-(5)

While Plaintiff purports to bring his motion for reconsideration pursuant to all subsections of Rule 60(b), Plaintiff makes no argument that would allow relief under subsections (2) through (5) of Rule 60(b). Plaintiff does not contend that there was newly discovered evidence that could not have been previously discovered in time to move for a new trial (*see* Rule 60(b)(2)); that there was fraud, misrepresentation, or misconduct by Defendants (*see* Rule 60(b)(3)); that the final judgment is void (*see* Rule 60(b)(4)); or that the judgment has been satisfied, released, or discharged (*see* Rule 60(b)(5)). As such, Plaintiff does not state a claim for relief pursuant to Rule 60(b)(2)-(5).

### 4. Rule 60(b)(6)

Rule 60(b)(6) is a catch-all provision that allows a court grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief." Rule 60(b)(6) is to be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Latshaw*, 452 F.3d at 1103 (citations omitted). A party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Tani*, 282 F.3d at 1168 (citation omitted).

Although Plaintiff does not specifically argue for relief pursuant to Rule 60(b)(6), unpublished Ninth Circuit cases indicate that district courts should determine whether circumstances warrant consideration under Rule 60(b)(6). *See, e.g., Moore v. United States*, 262 Fed. App'x 828,

829-30 (9th Cir. 2008) (reversing the trial court's grant of summary judgment motion based on plaintiffs' counsel's "virtual abandon[ment]" and finding that the trial court erred by denying relief under Rule 60(b)(6) despite the fact that "plaintiffs never argued in the district court they were entitled to relief under subsection (b)(6)") (Bea, J., dissenting); *Spates-Moore v. Henderson*, 305 Fed. App'x 449 (9th Cir. 2008) (remanding to the district court for failing to consider whether an attorney's "effective[] abandon[ment of] his client" in failing to file timely oppositions to motions to dismiss "constituted gross negligence and extraordinary circumstances sufficient to justify relief under 60(b)(6)"). As such, the Court considers whether there is "any other reason that justifies relief" pursuant to Rule 60(b)(6).

### a. An Attorney's Gross Negligence Justifies Relief Under Rule 60(b)(6)

Generally, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer,* 507 U.S. at 396. As the United States Supreme Court has stated:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962).

As such, "[b]ecause the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Tani*, 282 F.3d at 1168 (citing *Link*, 370 U.S. at 633-34; *Pioneer,* 507 U.S. at 396-97.) However, "[t]he circuits that have distinguished negligence from gross negligence in the present context have granted relief to the client where the . . . judgment was a result of his counsel's displaying 'neglect so gross that it is inexcusable.'" *Tani*, 282 F.3d at 1168 (citations omitted). As such, the Ninth Circuit "join[ed] the Third, Sixth and Federal Circuits in holding that where the client has demonstrated gross negligence on the part of his counsel, a default judgment may be set aside pursuant to Rule 60(b)(6)." *Id*. at 1169.

In *Tani*, the Ninth Circuit set aside a default judgment after finding that a defense attorney committed gross negligence by failing to participate in preliminary settlement discussions despite a court order to do so, failing to file papers, failing to oppose a motion to strike the answer, and failing to attend hearings, while "explicitly represent[ing]" to his client that "the case was proceeding properly." *Id*. at 1171. As the court noted:

> Such failures and actions cannot be characterized as simple attorney error or "mere 'neglect.'" Rather, conduct on the part of a client's alleged representative that results in the client's receiving practically no representation at all clearly constitutes gross negligence, and vitiating the agency relationship that underlies our general policy of attributing to the client the acts of his attorney.

*Id*. (citations omitted).

Initially, it appeared that the ruling in *Tani* was limited in application to relief from default judgments. In *Latshaw*, the Ninth Circuit declined to extend the holding of *Tani* to the context of a Federal Rule of Civil Procedure 68 judgment, stating, "[o]ur decision in *Tani* was explicitly premised upon the default judgment context of the case." *Latshaw*, 452 F.3d at 1103. The court distinguished a Rule 68 judgment from a default judgment and found that "[d]efault judgments are disfavored and appropriate only in unique circumstances. Rule 68 offers and acceptances, however, are actively supported by courts. Indeed, the very purpose of Rule 68 is to encourage termination of litigation." *Id*. As a result of this difference, the Ninth Circuit "decline[d] to extend the holding of *Tani* to the context of Rule 68 judgments and therefore conclude[d] that [the attorney's] alleged gross negligence does not provide grounds to vacate the judgment under Rule 60(b)(6)." *Id*. at 1103-04.

However, in *Lal v. California*, 610 F.3d 518, 524-27 (9th Cir. 2010), the Ninth Circuit extended the holding in *Tani* and granted relief under Rule 60(b)(6) from a Federal Rule of Civil Procedure 41(b) dismissal for failure to prosecute. In *Lal*, the court found that the attorney's conduct "constituted gross negligence" by failing obey court orders to contact the client regarding preliminary settlement discussions, failing to participate in the case management conference, failing to meet and confer, failing to attend hearings, and lying to the client. *Id*. at 525.

In ordering that the dismissal be set aside, the Ninth Circuit determined the following:

> A dismissal for failure to prosecute under Rule 41(b) is much more like a default judgment than a Rule 68 judgment. We based our decision in *Tani* on "the well-established policy considerations we have recognized as underlying default judgments and Rule 60(b)." The same policy considerations underlie dismissal for failure to prosecute. We have stated that dismissal under Rule 41(b) "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." This is almost identical to our stance on default judgments, which are "appropriate only in extreme circumstances."

*Id*. (citations omitted).

As such, the court considered the harsh policy implications of both default judgments and Rule 41(b) dismissals for failure to prosecute, finding that judgments arising under these circumstances could be properly set aside pursuant to Rule 60(b)(6) due to an attorney's gross negligence.

The Ninth Circuit has not explicitly decided in a published decision whether an order granting summary judgment could be set aside based upon an attorney's gross negligence under Rule 60(b)(6). Two non-published cases, however, indicate that such relief is appropriate.

In *Spates-Moore*, the Ninth Circuit remanded a case in which the district court failed to consider the gross negligence standard and application of Rule 60(b)(6) for relief from an order granting summary judgment based on the opposing party's counsel's failure to file an opposition to the motion. *Spates-Moore*, 305 F. App'x at 450-51. The court determined that the attorney had "effectively abandoned his client," noting that counsel had done the following:

> twice failed to file timely oppositions to motions to dismiss; did not return phone calls; did not attend a pre-trial meeting; did not file an opposition to summary judgment; did not move for relief from summary judgment until more than seventy days after judgment was entered; and told opposing counsel there was 'no point' in doing so.

*Id*. at 451. The Ninth Circuit concluded that "[i]t is unreasonable to hold the client responsible for [the attorney's] acts in these circumstances. These failures went far beyond simple attorney error and perhaps constituted gross negligence and extraordinary circumstances sufficient to justify relief under 60(b)(6)." *Id*.

In *Moore*, the Ninth Circuit held that a district court "erred in denying relief under Rule 60(b)(6)" where an attorney "'virtually abandoned'" his client by "failing to respond to the motion for summary judgment, even after being warned that such an omission would result in the

11

summary grant of the motion." *Moore*, 262 F. App'x at 829. The court found that "the attorney abandoned his advocacy" and had "crossed the line into the 'gross negligence' we described in *Tani*." *Id*. Accordingly, the Ninth Circuit has deemed that Rule 60(b)(6) is proper for granting relief when an attorney's gross negligence results in a party's failure to oppose a motion for summary judgment.

District courts considering whether to overturn a judgment must therefore consider the attorney's actions in determining whether the conduct meets the gross negligence standard set forth in *Tani*. In *Madison v. First Mangus Financial Corp.*, No. CV-08-1562-PHX-GMS, 2009 WL 1148453, at *2-*4 (D. Ariz. Apr. 28, 2009), the district court granted the plaintiff's motion for relief from dismissal of her case for failing to file a second amended complaint. *Id*. After considering the Ninth Circuit's holdings in *Tani*, *Spates-Moore*, and *Moore*, the court found that the plaintiff's counsel had met the gross negligence standard and had "made numerous errors while handing [the] case," including failing to inform the client of developments in the action, failing to notify the client of deadlines, failing to file a second amended complaint despite assurances that he would do so, avoiding correspondence from the client, and failing to file a motion for relief. *Id*. at *3-*4. Accordingly, the court found that the plaintiff was entitled to relief pursuant to Rule 60(b)(6). *Id*. at *4.

In *Hoffman v. Impact Confections, Inc.*, No. 06cv00489 BTM(NLS), 2008 WL 5068930, at *2-*4 (S.D. Cal. Nov. 26, 2008), the district court denied relief from summary judgment, holding that the plaintiff was not entitled to relief under Rule 60(b)(6) based upon gross negligence on the part of counsel due to the Ninth Circuit's decision in *Tani* as being "'explicitly premised upon the default judgment context of the case.'" *Id*. at *4 (citing *Latshaw*, 452 F.3d at 1103). The court based its decision on the finding that "the Ninth Circuit has declined to expand the holding of *Tani* beyond the default judgment context." *Id*. *Hoffman*, however, was decided in November 2008, before the Ninth Circuit rendered its ruling in *Lal* in June 2010, where it was held that Rule 60(b)(6) motions could be extended beyond default judgments to include relief from matters such as Rule 41(b) dismissals for failure to prosecute. *Lal*, 610 F.3d at 524-25. Further, *Hoffman* did not consider the Ninth Circuit's unpublished holdings in *Spates-Moore* and *Moore,* which indicate that relief from

summary judgment pursuant to a Rule 60(b)(6) motion should be determined based upon whether the attorney committed gross negligence and not simply denied outright.

Recent district court cases that have denied Rule 60(b)(6) relief from summary judgment have done so after finding that the attorneys in question had not committed gross negligence. In *Markray v. AT&T-SBC-Pacific Bell Directory*, No. CV 07-08001 DDP (CTx), 2010 WL 3220096, at *3 (C.D. Cal. Aug. 13, 2010), the court denied relief from summary judgment, finding that the plaintiff's "attorney was not grossly negligent." *Id*. In *Markray*, the attorney had filed an opposition to the motion for summary judgment (albeit one that was "substantively weak"), had not deliberately misled her client about the case, and had informed her client of the judgment and the need to file a Rule 60(b) motion; further, the plaintiff had "made no attempt to inquire about her case until nearly a year after the Court granted Defendants' MSJ." *Id*. As such, the court held that the plaintiff's attorney "did not 'virtually abandon' her" client and denied relief under Rule 60(b)(6). *Id*.

Likewise, in *Brown v. Cowlitz County*, No. C09-5090 RBL, 2010 WL 1608876, at *1-*2 (W.D. Wash. Apr. 19, 2010), the district court denied relief from summary judgment under Rule 60(b)(6), finding that "counsel cannot be considered to have abandoned his client." *Id*. at *2. Counsel filed pleadings opposing one of the motions for summary judgment, although not the other, and further filed a motion for reconsideration. *Id*. As such, the plaintiff was "not entitled to relief due to attorney abandonment or gross negligence under Rule 60(b)(6)." *Id*.

### b.   Mr. Geringer's Conduct Rises to Gross Negligence

Here, the Court must determine whether Mr. Geringer's actions (or lack thereof) constituted gross negligence and "virtual abandonment" of Plaintiff so as to justify relief from summary judgment pursuant to Rule 60(b)(6). *See Tani*, 282 F.3d at 1171-72; *Lal*, 610 F3d at 525.

At the time Defendants filed their motions for summary judgment, Plaintiff was represented by Mr. Geringer, who had appeared on behalf of Plaintiff at both the scheduling conference and the settlement conferences – the two events that took place prior to the filing of the motions. (Docs. 50, 52, 53, 57.) The Court's orders regarding the motions for summary judgment indicate that Plaintiff failed to file any oppositions and that the factual background considered by the Court was based upon the DUMFs, the facts provided by Defendants. (Doc. 56, 1:21-22, fn. 2; Doc. 59, 1:26, 2:fn 2.)

There was no explanation provided by Mr. Geringer as to why oppositions were not filed opposing Defendants' motions for summary judgment. Additionally, Mr. Geringer failed to notify Plaintiff of this lack of filing. In the letter dated July 19, 2010, Mr. Geringer informed his client that the Court had "found that there is no triable issue of fact that would permit this matter to go to trial" and had decided against Plaintiff "as a matter of law." (Doc. 63, Exh. C.) Mr. Geringer also stated that "there is no basis for filing an appeal and further the costs of such an appeal would be prohibitive given the facts as determined by the court." (Doc. 63, Exh. C.) Mr. Geringer did not inform his client that he had not filed any oppositions on Plaintiff's behalf, or that the Court had decided that there was no triable issue of fact based only upon consideration of Defendants' factual statements.

Further, there appears to be no reason for Plaintiff to have realized that judgment was about to be entered against him, as it appears that Mr. Geringer failed to notify Plaintiff of significant developments in the case. On April 15, 2010, the day before the Court granted Defendants' motion for summary judgment as to the first, third, and fourth causes of action, Mr. Geringer sent Plaintiff an authorization form for the release of health records at issue. (Doc. 63, Exh. E, p. 24.) There was no indication in the letter that a summary judgment motion was pending. (Doc. 63, Exh. E, p. 24.) Plaintiff promptly signed and returned the authorization form on April 22, 2010, indicating that he was fully cooperating with his responsibilities concerning the case; Plaintiff was then "never informed of anything" further until his wife contacted Mr. Geringer's office on or about July 15, 2010, and learned that the case was closed. (Doc. 63, Exh. E, pp. 25-26; 74:5-10.) Thus, it appears that Plaintiff believed that his case was proceeding normally until he learned that judgment had actually been entered against him several months prior.

It is a close question whether Mr. Geringer's conduct rises to the level of gross negligence. On the one hand, Mr. Geringer did not disobey court orders or ignore court warnings regarding potential dismissal of the action, and Mr. Geringer attended both the scheduling and settlement conferences (Docs. 50, 52), unlike the attorneys in *Tani*, *Lal*, and *Spates-Moore*. On the other hand, similar to the conduct of the attorneys in *Tani*, *Spates-Moore*, *Moore*, and *Madison*, Mr. Geringer failed to file oppositions to motions. In fact, Mr. Geringer failed to oppose not only one, but two,

of Defendants' motions for summary judgment. Additionally, like the attorneys in *Tani*, *Lal*, *Spates-Moore*, and *Madison*, it appears that Mr. Geringer misled his client. Based on the lack of information provided by Mr. Geringer in both his April 15, 2010, letter requesting Plaintiff's authorization for medical release (sent at the time that Defendants' first motion for summary judgment was pending), and his July 19, 2010, letter informing Plaintiff that the case was closed (but failing to mention that he had not filed oppositions to the summary judgment motions), it appears that Mr. Geringer was less than forthright with his client as to the extent of his representation efforts. Like the attorney in *Spates-Moore*, Mr. Geringer also made a point of informing Plaintiff that there was "no basis for filing an appeal" and implied that such an action would be useless. (Doc. 63, Exh. C.)

On balance, Mr. Geringer's conduct rises to the level of gross negligence as he "virtually abandoned" Plaintiff. Mr. Geringer failed to file oppositions to either of Defendants' motions for summary judgment. Mr. Geringer led his client to believe that the action was proceeding normally by requesting medical record release authorization and failing to apprise Plaintiff of the pending motion for summary judgment. Mr. Geringer misled his client as to the reasons why the motions for summary judgment were granted by indicating that the Court "found that there was no triable issue of fact that would permit this matter to go to trial" (Doc. 63, Exh. C.), but failing to explain that the Court based its consideration of the facts entirely on the DUMFs. Mr. Geringer further failed to inform his client that no oppositions were filed to challenge Defendants' motions, and thus there was no legal challenge to the facts as presented by Defendants; he also informed his client that an appeal would be useless.

In ruling on the motions for summary judgment, the Court considered the merits of Defendants' arguments; however, the Court also expressly stated that Plaintiff failed to file any oppositions and that it determined the facts based on the information presented by Defendants in the DUMFs. (Doc. 56, 1:21-22, fn. 2; Doc. 59, 1:26, 2:fn 2.) Plaintiff's version of the events in the second amended complaint disputes the version of events presented by Defendants, and Plaintiff also indicates in the instant motion that he possesses evidence that disputes Defendants' facts (although Plaintiff does not indicate what evidence he purportedly possesses). (Doc. 63, 6:16-24.)

15

As such, due to Mr. Geringer's "virtual abandonment" and gross negligence in handling his client's action, the court will recommend that Plaintiff's motion for reconsideration be GRANTED pursuant to Rule 60(b)(6). Plaintiff should thus be afforded a renewed opportunity to oppose Defendants' motions for summary judgment.

## IV. CONCLUSION AND RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that:

1. Plaintiff's motion for reconsideration be GRANTED;

2. The judgments granting Defendants' motions for summary judgment be set aside and the case be re-opened; and

2. Plaintiff be ORDERED to file oppositions to Defendants' motions to summary judgment within sixty (60) days of the date of service of the district court's order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 21, 2011**               /s/ Sheila K. Oberto
                                                             UNITED STATES MAGISTRATE JUDGE