# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA, | CASE NO. 1:08-cv-00810-AWI-SKO |
| Plaintiff, | |
| | **THIRD INFORMATIONAL ORDER** |
| v. | |
| CITY OF MADERA, et al., | |
| Defendants. / | |

## I. INTRODUCTION AND BACKGROUND

Plaintiff Anthony Dean Slama ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 12, 2011, the Court granted Plaintiff's motion for reconsideration, re-opened Plaintiff's case, and vacated the prior summary judgment orders. (Doc. 74.) Plaintiff was ordered to file a response to Defendants' two summary judgment motions within sixty (60) days of the service of the order granting the motion for reconsideration. (Doc. 74.)

In light of Plaintiff's requirement to file an opposition to Defendants' motions for summary judgment, the Court issues the following informational order.

## II. INFORMATIONAL ORDER

Pursuant to *Rand v. Roland*, 154 F.3d 952, 955 (9th Cir. 1998), pro se prisoners are entitled to fair notice of the requirements of the summary judgment rule. Defendants have moved for

summary judgment as to Plaintiff's claims. Pursuant to *Rand*, 154 F.3d at 955 and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), **Plaintiff is advised of the following requirements for opposing the motions for summary judgment made by Defendants pursuant to Fed. R. Civ. P. 56.** Such motions are a request for an order for judgment on all of Plaintiff's claims in favor of Defendants without trial. *See* Fed. R. Civ. P. 56(b). Defendants' motions set forth the facts which Defendants contend are not reasonably subject to dispute and that entitle Defendants to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion but argue that Defendants are not entitled to judgment as a matter of law. Plaintiff may show Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the complaint <u>if</u> the complaint shows that Plaintiff has personal knowledge of the matters stated <u>and if</u> Plaintiff calls the Court's attention to those portions of the complaint upon which Plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations setting forth the facts which Plaintiff believes prove his claims (the persons who sign the affidavit or declaration must have personal knowledge of the facts stated);[1] (3) Plaintiff may also rely upon written records, but he must prove that the records are what he claims they are;[2] (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with affidavits, declarations, or other evidence, Defendants' evidence will be taken as true, and final judgment may be entered without a full trial. *See* Fed. R. Civ. P. 56(e).

---

[1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts that would be admissible into evidence. *See* Fed. R. Civ. P. 56(c)(4).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. *See* Fed. R. Civ. P. 56(c).

2

1    If there is some good reason why such facts are not available to Plaintiff to oppose the motions, the Court will consider a request to postpone considering Defendants' motions. *See* Fed. R. Civ. P. 56(d). If Plaintiff does not serve and file a request to postpone consideration of Defendants' motions, the Court may consider Plaintiff's failure to act as a waiver of opposition to Defendants' motions. Plaintiff's waiver of opposition to Defendants' motions may result in the entry of summary judgment against Plaintiff.

A motion supported by affidavits or declarations that are unsigned will be stricken.

Any party may object to the other's evidence on the ground that it cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

The failure to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action.

IT IS SO ORDERED.

**Dated:     September 13, 2011**                    /s/ Sheila K. Oberto
                                                   UNITED STATES MAGISTRATE JUDGE