1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

12   ANTHONY DEAN SLAMA,                          CASE NO. 1:08-cv-00810-AWI-SKO

13                                                **ORDER DENYING PLAINTIFF'S**
                     Plaintiff,                   **MOTION TO COMPEL**
14                                                **PRODUCTION OF DOCUMENTS**
          v.
15

16   CITY OF MADERA, et al.,                      (Docket No. 82)

17
                     Defendants.
18
     _____ /
19

20                           **I.  INTRODUCTION**

21          On October 18, 2011, Plaintiff Anthony Dean Slama ("Plaintiff") filed a "request for

22   production of documents pursuant to Federal Rules of Civil Procedure 34 and/or 45." (Doc. 82.)

23   Plaintiff requests that the Court compel Defendants City of Madera ("City"), Madera Police

24   Department ("MPD"), Officer Chavez ("Chavez"), and Officer Shekianian ("Shekianian" or,

25   collectively, "Defendants") to produce "electronically stored information of [the] first, third, and

26   fourth causes of action" from Defendants as related to their motions for summary judgment. (Doc.

27   82, pp. 1, 3.)  As a Rule 34 request is made to a party and not to the Court, the Court construes

28   Plaintiff's request as a motion to compel the production of documents.

1    For the reasons set forth below, Plaintiff's motion to compel the production of documents

2    from Defendants is DENIED.

3                                    **II.  BACKGROUND**

4    On September 12, 2011, the Court issued an order granting Plaintiff's motion for

5    reconsideration and vacated the prior orders granting summary judgment in favor of Defendants.

6    (Doc. 74; *see also* Doc. 73.)  Plaintiff, currently representing himself in *propria persona,* was

7    ordered to file a response to Defendants' two summary judgment motions (Docs. 53, 57) within sixty

8    days of the date of the order granting the motion for reconsideration.  (Doc. 74.)  On October 20,

9    2011, Plaintiff was granted an additional sixty-day extension of time in which to file the oppositions.

10   (Doc. 81.)  Plaintiff's opposition is now due on or before January 13, 2012.

11   On October 18, 2011, Plaintiff filed the instant motion to compel requesting the production

12   of documents pursuant to Federal Rules of Civil Procedure 34 and/or 45.  Included with the motion

13   was a subpoena, directed at Defendants' counsel, which seeks "electronically stored information of

14   [the] first, third, and fourth causes of action" related to Defendants' motion for summary judgment.

15   (Doc. 82, p. 3.)  Plaintiff's motion "requests and moves this Court to compel[] the Defendants for

16   said referenced documents and pictures in [their] possession to further fortify the Plaintiff[']s

17   claims."  (Doc. 82, 1:19-22.)

18   On October 26, 2011, Defendants City, Chavez, and Shekianian filed an opposition to

19   Plaintiff's motion to compel production of documents, contending that Plaintiff had not served a

20   Rule 34 request to produce documents on Defendants and that any such request would be untimely.

21   (Doc. 83.)  Defendants believed, however, that the documents sought by Plaintiff were the exhibits

22   to the motion for summary judgment and Defendants "have mailed a complete copy of the Summary

23   Judgment along with three photographs which had not been requested during the discovery period."

24   (Doc. 83, 2:25-28.)

25                                    **III.  DISCUSSION**

26   **A.    Motion Pursuant to Federal Rule of Civil Procedure 34**

27   Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party a

28   request within the scope of Rule 26(b)" and states that the request:

1

2   (A) must describe with reasonable particularity each item or category of items to be inspected;

3   (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and

4

5   (C) may specify the form or forms in which electronically stored information is to be produced.

6

7   Fed. R. Civ. P. 34(a)-(b).[1]   Here, Plaintiff has not served a request to produce documents upon

8   Defendants but has instead filed the instant motion.  (*See* Doc. 83, 2:14-16.)  Plaintiff's request is

9   untimely.

10          Pursuant to the Court's scheduling order, all non-expert discovery was to have been

11   completed by no later than October 29, 2009.  (Doc. 51.)  The procedural posture of this case is such

12   that the Court has granted Plaintiff's motion for reconsideration, vacated the orders on Defendants

13   motions for summary judgment, and reopened the case (Docs. 73, 74).  Plaintiff has not requested

14   a postponement of the consideration of Defendants' motions pursuant to Rule 56(d) or indicated any

15   reason why reopening discovery would be warranted.

16          Plaintiff's motion is also procedurally improper and, even if discovery were still open, the

17   motion could not be granted unless Defendants actually failed to cooperate in the discovery process.

18   As Plaintiff has not served Defendants with a discovery request, Defendants cannot have refused to

19   cooperate.  Further, even assuming that Plaintiff's motion could be construed as a request on

20   Defendants to produce documents, Plaintiff's motion broadly seeks "electronically stored

21   information" as to three causes of action and fails to indicate a place, date, and time for the

22   inspection of documents.  (Doc. 82, p. 3.)  As such, Plaintiff's request lacks specificity and fails to

23   provide a reasonable time frame for Defendants to respond as required under Rule 34.

**B.      Motion Pursuant to Federal Rule of Civil Procedure 45**

24          Plaintiff's motion indicates that he seeks an order issuing a subpoena for documents pursuant

25   to Rule 45.  (Doc. 82, p. 3.)  Plaintiff's Rule 45 request is improper.  Subpoenas are not the proper

26   method by which to seek information from an opposing party.

27

28

---

[1] The referenced Rule 26(b) establishes the discovery scope and limits between the parties.

1    **C.      Motion Pursuant to Federal Rule of Civil Procedure 56(d)**

2              While Plaintiff does not move to compel the production of documents pursuant to Rule 56(d),

3    the Court considers the applicability of Rule 56(d) since it cannot be clearly determined whether

4    Plaintiff is seeking unavailable facts in order to oppose Defendants' motions.  As indicated in the

5    Court's third informational order, "[i]f there is some good reason why facts are not available to

6    Plaintiff to oppose the motions, the Court will consider a request to postpone considering

7    Defendants' motions. *See* Fed. R. Civ. P. 56(d)."  (Doc. 75, 3:1-3.)

8              Under Rule 56(d), "if a party opposing summary judgment demonstrates a need for further

9    discovery in order to obtain facts essential to justify the party's opposition, the trial court may deny

10   the motion for summary judgment or continue the hearing to allow for such discovery." *Margolis*

11   *v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (internal quotation marks omitted).[2]  However, in

12   submitting a Rule 56(d) motion, "a party opposing summary judgment must make clear what

13   information is sought and how it would preclude summary judgment." *Id.*

14             For Plaintiff to seek relief under Rule 56(d), Plaintiff would have to identify facts or evidence

15   that have either already been discovered or are likely to be discovered.  Plaintiff needs to

16   demonstrate that there is a "basis or factual support for [the] assertions that further discovery would

17   lead to the facts and testimony" needed to oppose Defendants' motions for summary judgment. *Id.*

18   at 854.  "[W]ild speculation" that facts and testimony sought to be discovered would actually be

19   discovered will not support the continuance or denial of summary judgment motions under Rule

20   56(d). *Id.*

21             Plaintiff fails to identify any specific evidence sought from Defendants and fails to indicate

22   how such evidence would preclude summary judgment.  Further, Defendants state that they have

23   provided Plaintiff with the summary judgment motion, including exhibits, as well as three

24   photographs which were not requested during the discovery period. (Doc. 83, 2:25-28.)  It is not

25   clear what, if any, additional evidence Plaintiff is seeking.  As such, Plaintiff has not set forth a valid

26   Rule 56(d) motion.

27

28       [2] Former Rule 56(f) was amended in 2010 and is now set forth in Rule 56(d).  "Subdivision (d) carries forward
     without substantial change the provisions of former subdivision (f)."  Fed. R. Civ. P. 56 advisory committee's notes.

1

**IV.  CONCLUSION AND ORDER**

2       Accordingly, IT IS HEREBY ORDERED that:

3       1.      Plaintiff's motion to compel production of documents pursuant to Rule 34 and/or

4               Rule 45 is DENIED; and

5       2.      If Plaintiff seeks to file a Rule 56(d) motion, such motion must be filed within

6               thirty (30) days of the date of this order and must comply with the requirements of

7               Rule 56(d).

8

9   IT IS SO ORDERED.

10  **Dated:      December 7, 2011**                      **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28