IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SLAMA,<br><br>            Plaintiff,<br>   v.<br><br>CITY OF MADERA, MADERA<br>POLICE DEPT., OFFICER CHAVEZ,<br>OFFICER SHEKIANIAN, and DOES<br>1 through 100,<br><br>            Defendants. | 1:08-cv-810  AWI GSA<br><br>ORDER ON PLAINTIFF'S<br>RULE 56(d) MOTION<br><br>(Doc. No. 91) |

This is a civil rights lawsuits that stems from an encounter between Plaintiff Anthony Slama ("Slama") and two police officers of the Madera Police Department.[1]  This Court previously granted summary judgment in favor of Defendants and closed the case.

On September 12, 2011, the Court adopted the Magistrate Judge's Findings and Recommendation, and granted Plaintiff's Rule 60 motion to vacate and reopen.  The summary judgment orders were vacated and this case was reinstated on the grounds that Plaintiff's attorney essentially had abandoned him.  The Court gave Slama sixty days in which to file oppositions to the summary judgment motions.

---

[1] Slama is currently incarcerated on an unrelated matter.

1  Slama was granted an extension of time and given until January 13, 2012, in which to file
2  oppositions.  Slama was then granted until February 27, 2012, in which to file either an
3  opposition or a Rule 56(d) motion.
4  On February 29, 2012, Slama filed a Rule 56(d) motion.  On March 22, 2012, the
5  Defendants filed an opposition.

## PLAINTIFF'S MOTION

*Plaintiff's Arguments*

Slama argues that additional discovery is appropriate under Rule 56(d).  Slama identifies the following areas about which he seeks further discovery: (1) he was familiar with the area where he was stopped by the officers, and was not in the shadows; (2) the reasons why the officers approached Slama;[2] (3) why the defendants filed three motions, yet omitted key information (apparently about a lunch pail); (4) additional interactions that Slama had with non-defendant police officers in which he invoked his Fourth Amendment rights and protections; (5) obtaining the declarations of Andrew Slama, Connie Kincade, Mary Slama, and Chris Berra;[3] (6) the excessive force used (tasing while handcuffed and a choke hold); (7) the authenticity of several photos produced by defendants; and (8) additional cases/complaints, including the 2 or 3 cases mentioned in Sheklanian's deposition, of instances of excessive force for *Monell* purposes.

*Opposition*

Defendants argue that granting relief under Rule 56(d) is not justified.  In general, discovery is not proper because Slama already has depositions, can submit declarations, or fails to adequately identify what information would be obtained and how that information would defeat summary judgment.  Also, with respect to the *Monell* claims, Slama relies on several potential excessive force cases.  However, Slama does not have the expertise to evaluate any additional cases with respect to the merits of those cases.  Finally, as part of his motion for

---

[2] The Court notes, however, that the officers were deposed by Slama's former counsel on this area.

[3] Slama explains that these witnesses saw an encounter that took place in August 2006.  See Doc. No. 92 at ¶ 15.  They did not witness the events that underlie this lawsuit.

2

reconsideration/Rule 60, Slama represented that he could show that Defendants are not entitled to summary judgment and that "[t]here is opposing papers in plaintiff's possession that can overcome this proposition."

*Legal Standard*

Rule of Civil Procedure 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002). Rule 56(d) reads:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for sepcified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. Pro. 56(d).[4] The Ninth Circuit has explained that in order to prevail on a Rule 56(d) motion, the moving party must show: "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008); California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998). Accordingly, the proponent of a Rule 56(d) motion must "make clear what information is sought and how it would preclude summary judgment." Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001); Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). Failure to comply with the requirements of Rule 56(d) is a proper ground for denying relief. Roberts v. McAfee, Inc., 660 F.3d 1156, 1169 (9th Cir. 2011); Family Home, 525 F.3d at 827; Kitsap Physicians, 314 F.3d at 1000. Further, a Rule 56(d) motion may be denied where the moving party has been dilatory, or where the moving party seeks irrelevant, speculative, or cumulative information. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994); Jensen v. Redevelopment Agency, 998 F.2d 1550, 1554 (10th Cir. 1993); California Union Ins. Co. v. Am., 914 F.2d 1271, 1278 (9th Cir. 1990).

---

[4] Rule 56(d) was formerly Rule "56(f)," and the cases that interpret Rule 56(f) apply to current Rule 56(d). See Roberts v. McAfee, Inc., 660 F.3d 1156, 1169 & n.8 (9th Cir. 2011).

*Discussion*

1.      Claims Against Individual Officers

The Court agrees with Defendants' analysis and conclusion that additional discovery is not necessary to resolve the summary judgment motions. In each of the areas identified by Slama, he either fails to identify what specific evidence would be obtained (or if that evidence exists), how the evidence is necessary to resist summary judgment, seeks information that is irrelevant or has de minimis relevance,[5] or seeks to obtain evidence in addition to that which he already has.[6] Moreover, almost all of the areas that Slama seeks additional discovery are areas that can be addressed on summary judgment through his own declaration or through the declarations of apparent friends and family members. Sworn declarations are admissible in the context of summary judgment, and it is common for plaintiff's to submit their own declarations as part of an opposition.

The information that Slama seeks to obtain through additional discovery is information that would bolster or supplement facts that he already has or facts that can be presented through a valid declaration. In order to resist (or at least to attempt to resist) summary judgment, Rule 56(d) permits additional discovery so that a party can obtain evidence that he needs, yet does not have. Rule 56(d) is not meant to re-open discovery in general, to obtain information that is already in the party's possession, or to merely support evidence that is already in the party's possession. See Paddington Partners, 34 F.3d at 1138; Phifer v. Sacramento Hous. & Redev. Agency, 2009 U.S. Dist. LEXIS 81662, *24 (E.D. Cal. Sept. 9, 2009); cf. Chimarev v. TD Waterhouse Investor Servs., 280 F.Supp.2d 208, 229 n.1 (S.D. N.Y. 2003) (Rule 56(d) "is not intended to circumvent discovery orders."). Slama has not shown that additional discovery is needed in order to resist summary judgment on the claims against the individual defendants. Instead, he has simply shown that additional discovery would be helpful in bolstering his case.

---

[5] For example, evidence of other instances in which Slama invoked Fourth Amendment protections would have minimal (if any) relevance, and would also likely run afoul of Federal Rule of Evidence 404(b).

[6] For example, at several points in this motion, Slama discusses the deposition testimony of the two officers, himself, and witness Louie Vela.

Relief under Rule 56(d) is not appropriate.  See Family Home, 525 F.3d at 827; Paddington Partners v. Bouchard, 34 F.3d at 1138; Jensen, 998 F.2d at 1554; Phifer, 2009 U.S. Dist. LEXIS 81662 at *24.

    2.    *Monell* Claims

The Second Amended Complaint alleges two *Monell* theories – inadequate training and a custom of tolerating excessive force.  See Doc. No. 44.  Slama relies on three lawsuits against Sheklanian, as well as the recent Ninth Circuit case of *Torres v. City of Madera*, 648 F.3d 1119 (9th Cir. 2011) in support of his motion.

Initially, the issue in *Torres* was excessive force based on the use of a firearm.  See Torres, 534 F.3d at 1120.  Because no firearm was used in Slama's case, *Torres* is not helpful.

As for the additional three cases, the Court has searched its docket and found the three cases referenced by Sheklanian in his 2009 deposition.  First, in *James v. City of Madera*, 1:08-CV-1943 OWW GSA, the jury found that the Defendants did not violate the plaintiff's constitutional rights.  See Docket in 1:08-CV-1943 OWW GSA at Doc. Nos. 133, 136.  Because the constitution was no violated in *James*, this case does not aid Slama in any way.  In *Clarke v. City of Madera*, 1:09-CV-1301 LJO DLB, the excessive force claim was barred by the *Heck v. Humphrey* doctrine, meaning that Clarke's conviction was premised on a lawful use of force, and a judgment in Clarke's favor would impermissibly undermine Clarke's conviction.  See Docket in 1:09-CV-1301 LJO DLB at Doc. No. 41.  Shortly after making the *Heck* ruling, the court dismissed the *Clarke* case due to the plaintiff's failure to prosecute and obey court orders.  See id. at Doc. No. 44.  Thus, *Clarke* does not demonstrate viable Fourth Amendment claims.  Finally, in *Moore v. City of Madera*, 1:07-CV-1493 OWW DLB, the allegation against Sheklanian was excessive force, and that case terminated due to settlement.  See Docket in 1:07-CV-1493 at Doc. No. 37.  The events in *Moore* occurred in January 2007.  See id. at Doc. No. 15.  The events of this case took place in December 2005.  Admittedly the circumstances in *Moore* are similar to the case at bar.  Nevertheless, two incidents are insufficient to establish a custom or practice for purposes of *Monell* liability.  See Trevino v. Gates, 99 F.3d 911, 9118 (9th

Cir. 1996); Meehan v. County of Los Angeles, 856 F.2d 102, 106-07 (9th Cir. 1988); Bradford v. City of Seattle, 557 F.Supp.2d 1189, 1203 (W.D. Wash. 2008).

Accordingly, none of the cases cited by Slama sufficiently support *Monell* claims. Moreover, there is a lack of specificity regarding the evidence that Slama believes exists and how that evidence would prevent summary judgment. This is particularly evident with respect to the inadequate training claim, as Slama has not indicated what aspect of the City's training program is inadequate. Therefore, the Court will not grant Slama's Rule 56(f) motion with respect to the *Monell* claims. See Family Home, 525 F.3d at 827; Paddington Partners v. Bouchard, 34 F.3d at 1138; Jensen, 998 F.2d at 1554; Phifer, 2009 U.S. Dist. LEXIS 81662 at *24.

### 3. Time To File Opposition

As explained above, the Court will not grant Slama's Rule 56(d) motion. However, most of Slama's motion discusses his version of events and cites many cases that discuss the relevant legal principles. Significantly, Slama's motion also cites to exhibits, such as depositions, that are already in his possession, and, as discussed, Slama has the ability to present his version of key facts through a properly executed declaration. Because Slama's motion indicates to the Court that he has sufficient evidence and law to file an opposition, the Court will give Slama an additional 30 days in which to file an opposition. The Court refers Slama to Local Rule 260 regarding the proper method of addressing the moving party's Statement of Undisputed facts as part of opposition filings.[7]

However, since Slama indicated in his initial Rule 60 motion that he had sufficient facts in hand to resist summary judgment, see Doc. No. 63 at p.6, and since he has had many months (since September 2011) in which to oppose summary judgment, the Court does not envision any further extensions of time, absent extreme circumstances.

---

[7] Local Rule 260 reads in relevant part:
Any party opposing a motion for summary judgment . . . shall reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment . . . ."

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion is DENIED;
2. Plaintiff shall file an opposition to the Defendants' two motions for summary judgment within thirty (30) days of service of this order; and
3. The failure to file a timely opposition, or to file a timely motion for extension of time,[8] will result in the reinstatement of the prior summary judgment orders and the closure of this case without further notice.

IT IS SO ORDERED.

Dated:   March 27, 2012                                    _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[8] Again, because of the significant period of time that Plaintiff has had to file an opposition, a very high degree of "good cause" will be required to justify any additional extensions of time. A motion for extension of time that does not establish sufficient good cause will be denied, and the thirty day deadline set in this order, as well as the consequences of that deadline, will control.