IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SLAMA, | 1:08-cv-810  AWI GSA |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION |
| CITY OF MADERA, MADERA POLICE DEPT., OFFICER CHAVEZ, OFFICER SHEKIANIAN, and DOES 1 through 100, | |
| | (Doc. No. 98) |
| Defendants. | |

    This is a civil rights lawsuits that stems from an encounter between Plaintiff Anthony Slama ("Slama") and two police officers of the Madera Police Department.[1]  This Court previously granted summary judgment in favor of Defendants and closed the case.

    On September 12, 2011, the Court adopted the Magistrate Judge's Findings and Recommendation, and granted Plaintiff's Rule 60 motion to vacate and reopen.  The summary judgment orders were vacated and this case was reinstated on the grounds that Plaintiff's attorney essentially had abandoned him.  The Court gave Slama sixty days in which to file oppositions to the summary judgment motions.

    Slama was granted an extension of time and given until January 13, 2012, in which to file oppositions.  Slama was then granted until February 27, 2012, in which to file either an opposition or a Rule 56(d) motion.

    On February 29, 2012, Slama filed a Rule 56(d) motion.  On March 27, 2012, the Court denied Plaintiff's motion for Rule 56(d) discovery, but gave Plaintiff an additional 30 days in

---

[1] Slama is currently incarcerated on an unrelated matter.

which to file an opposition.

On April 11, 2012, Slama filed an objections and motion for reconsideration of the March 27, 2012, order.

## PLAINTIFF'S MOTION

*Plaintiff's Arguments*

Slama states that Defendants are attempting to paint the encounter as consensual. However, there were other occasions when he invoked his Fourth Amendment rights. Slama seeks to obtain dispatch records of the other incidents, as well as photos from Google Earth which address the assertion that Plaintiff was walking in the shadows. Such evidence would "fortify" his claims. Further, Defendants have in their possession photos that show a choke hold was placed on him. With respect to *Monell* liability, the *Torres* case is still probative of the failure to train and excessive force. This is potentially critically important because it shows a pattern, and is part of the incidents that he is trying to uncover.

Slama also requests additional time, 30 extra days, to respond to the summary judgment motion because of the lack of sufficient law library access in the prison. Further, he has limited time because he is pursuing a federal habeas corpus case. Finally, Slama states that he did not receive a copy of Defendants' opposition to his Rule 56(d) motion.

*Legal Standard*

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Local Rule 230(j) provides:

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1) when and to what Judge or Magistrate Judge the prior motion was made,
> (2) what ruling, decision or order was made thereon,
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
> (4) why the facts or circumstances were not shown at the time of the

prior motion. L.R. 230(j). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Neither disagreements with a decision nor recapitulations of rejected arguments are adequate bases for reconsideration. See United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Reconsideration of an interlocutory order is generally justified upon a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; or (3) the need to correct clear error or prevent manifest injustice. Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

*Discussion*

1. Reconsideration

The Court does not see that reconsideration is warranted. Slama reiterates that he wants to obtain evidence of prior instances in which he invoked his Fourth Amendment rights, and wishes to obtain Google Earth photos with respect to claims about walking in the shadows. However, as the Court stated in the prior order: the prior instances in which Slama invoked his Fourth Amendment rights have minimal relevance (if any), use of those instances appears likely to run afoul of Federal Rule of Evidence 404(b), and, to the extent he wants to present evidence of those encounters in opposition to summary judgment, he can do so through a declaration. Similarly, a declaration from Slama that addresses the presence or absence of shadows will be as probative on summary judgment as a Google Earth photo, and Slama can also declare whether a control hold was used on him. Slama has not shown how the evidence of various photos or prior incidents is necessary to preclude summary judgment. See Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001). Instead, as Slama's own motion states, he is attempting to "fortify" his position. As the Court previously explained, the purpose of a Rule 56(d) motion is not to "fortify" the evidence that is already in one's possession or to re-open discovery in general. See Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994).

With respect to *Torres*, the facts in that case are significantly different from the facts in this case. Slama has not adequately explained the significance of *Torres* to this case, or why the *Torres* case would warrant a different result to his Rule 56(d) motion. It appears that Slama is attempting to use *Torres* as the basis to conduct a speculative fishing expedition for evidence, which is not the purpose of a Rule 56(d) motion. See Paddington Partners, 34 F.3d at 1138.

Slama is essentially reiterating different aspects of his previous arguments, and those arguments were rejected. Slama has not shown a change in the law, new evidence, or clear error. Therefore, Slama's motion for reconsideration will be denied.[2] See Westlands Water Dist., 134 F.Supp.2d at 1131; Kern-Tulare, 634 F.Supp. at 665.

2.   Additional Time To File Opposition

Slama requests an additional 30 days in which to file an opposition because he has limited law library time and is working on a pending federal habeas corpus case. However, as the Court has already explained, Slama indicated that he had papers in his possession to show that Defendants are not entitled to summary judgment. See Doc. No. 63 at p. 6. Further, Slama has had since September 12, 2011, in which to file an opposition – a period of 7 months to date. Typically, parties have 2 to 3 weeks to oppose summary judgment. Finally, and also as the Court previously pointed out, Slama's Rule 56(d) motion cited to depositions, made factual assertions, and cited to a significant amount of case law. It is not clear how much more legal research is truly necessary. While Slama has limited law library access, this is typical of any incarcerated individual. The nature of Slama's Rule 56(d) motion shows that he is in a better and more advanced state of readiness than most of the incarcerated individuals who appear before this Court. Given the nature of Slama's Rule 56(d) motion and his prior representations in his Rule 60 motion, the Court sees no reason to give Slama an additional 30 days to file an opposition.

---

[2] Slama appears to misunderstand the function of a Rule 56(d) motion. The purpose is to identify specific evidence that is necessary to preclude summary judgment, it is not to re-open discovery so that additional, helpful information can be obtained. See Paddington Partners, 34 F.3d at 1138. Discovery has closed in this case, and there has been no motion to re-open discovery. While Slama's previous counsel may not have conducted all of the discovery that Slama may have wished, previous counsel did engage in discovery, including depositions. A party is generally bound by his counsel's conduct during the course of litigation. See Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004). The Court expresses no opinion on whether it is appropriate to re-open discovery. The Court is simply holding that discovery pursuant to Rule 56(d) is not warranted.

In the prior order, the Court warned Slama that no further extensions were envisioned, absent extreme circumstances. Slama has indicated that he did not receive Defendants' opposition to his Rule 56 motion. This means that Slama did not have the opportunity to file a reply. However, Slama has not made sufficient arguments in his reconsideration motion that either rebut an accepted argument from the opposition, or show that a different result from the original Rule 56 motion is warranted. Thus, the reconsideration motion does not indicate harm from the failure to file a reply. The Court does not find that the failure to receive the opposition amounts to "extreme circumstances."

Nevertheless, under the circumstances, the Court will grant Slama a slight extension given his pro se status, the failure to receive Defendants' opposition to the Rule 56(d) motion, and the filing of this motion. No further extensions are anticipated absent <u>extreme circumstances</u>. The Court will not entertain further motions for reconsideration regarding the Rule 56(d) motion. Also, Slama should not expect any further extensions simply because he files a motion or a request instead of an opposition – seven months to file an opposition is enough.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED;
2. Plaintiff's request for additional time is GRANTED in part;
3. Plaintiff shall file an opposition to Defendants' motion for summary judgment no later than May 7, 2012.[3]

IT IS SO ORDERED.

Dated: April 13, 2012

CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff is warned that the failure to file a timely opposition will result in the reinstatement of the Court's prior summary judgment orders and the closure of this case without further notice. Further, if any requests or motions are filed in lieu of the opposition, and if those requests or motions are denied, the Court will reinstate the summary judgment orders and close this case.