# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF MADERA, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:08-cv-00810-AWI-SKO<br><br>**ORDER TO SHOW CAUSE WHY DEFENDANTS' COUNSEL SHOULD NOT BE SANCTIONED FOR FAILING TO COMPLY WITH THE COURT'S ORDER**<br><br>**ORDER REQUIRING DEFENDANTS TO FILE A STATUS UPDATE RE: SETTLEMENT CONFERENCE** |

## I. INTRODUCTION

On June 26, 2012, the Court issued an order denying in part Defendants' motion for summary judgment, finding that there were material facts in dispute as to Plaintiff's claims for arrest without probable cause and excessive force. (Doc. 122.) The Court ordered the parties to "contact the Magistrate Judge within 30 days of service of this order for the purpose of setting a pre-trial conference date and a trial date." (Doc. 122, 18:17-18.)

On July 26, 2012, Plaintiff filed a "Motion and Request to Seek Leave of the Court to Potentially Resolve and/or Settle with the Defendants Without Issuing a Full Trial in Conjunction With Reasonable Attempts to Obtain Counsel" and an "Acknowledgment of Order on Summary Judgment and Contact as Requested by the Trial Court for the Purposes of Setting Pre-Trial Conference and Trial Date." (Docs. 123, 124.) Plaintiff acknowledged that the Court's June 26, 2012, order denying in part Defendants' motion for summary judgment required the parties to contact

the Court to set the pre-trial conference and trial dates, and indicated that he was seeking leave of the Court to resolve and/or settle the case with Defendants without the issuance of a full trial schedule. (Docs. 123, 124.)

Defendants, on the other hand, did not contact the Court despite the June 26, 2012, order requiring the parties to do so. (*See* Doc. 122, 18:17-18.) Nor have Defendants responded to Plaintiff's inquiry as to the possibility of discussing a resolution of the dispute.

Accordingly, Defendants are ORDERED TO SHOW CAUSE as to why sanctions should not issue for failing to comply with the Court's June 26, 2012, order. Defendants are further ORDERED to file a status update setting forth proposed dates and time frames for the pre-trial conference and the trial and indicating whether they believe that a settlement conference would be beneficial.

## II. DISCUSSION

**A.     Order to Show Cause**

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis omitted) (holding that court may dismiss an action that abuses the judicial process using inherent powers to control dockets); *see also Frost v. Perry*, 919 F. Supp. 1459 (D. Nev. 1996) (untimely motion stricken by court using inherent powers to control its own docket). The Local Rules of the United States District Court, Eastern District of California, Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

Here, the June 26, 2012, order by Chief District Judge Anthony W. Ishii denying in part Defendants' motion for summary judgment further ordered that "[t]he parties shall contact the Magistrate Judge within 30 days of service of this order for the purpose of setting a pre-trial conference date and a trial date." (Doc. 122, 18:17-18.) Plaintiff, representing himself in pro se and currently incarcerated, contacted the Court as ordered. (Docs. 123, 124.) Defendants, however, have failed to contact the Court and appear to have essentially ignored the June 26, 2012, order.

Accordingly, within seven (7) days of the date of this order, Defendants are ORDERED TO SHOW CAUSE why sanctions should not issue for failing to comply with the Court's June 26, 2012, order requiring all parties to contact the Court for the purposes of setting pre-trial and trial dates.[1]

**B.    Status Update Regarding Settlement Conference**

On July 26, 2012, Plaintiff filed a "Motion and Request to Seek Leave of the Court to Potentially Resolve and/or Settle with the Defendants Without Issuing a Full Trial in Conjunction With Reasonable Attempts to Obtain Counsel." (Doc. 123.)  As such, it appears that Plaintiff is requesting that a settlement conference be held in this action.

Accordingly, within seven (7) days of the date of this order, Defendants are ORDERED to file a status update indicating whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in participating in a settlement conference.  Further, Defendants shall propose setting dates and time frames for pre-trial conference and the trial as required in the Court's June 26, 2012, order.  (Doc. 122.)

### III.  CONCLUSION AND ORDER

Accordingly, within seven (7) days of the date of this order:

1. Defendants are ORDERED TO SHOW CAUSE as to why sanctions should not issue for failing to comply with the Court's June 26, 2012, order requiring Defendants to contact the Magistrate Judge within 30 days for the purpose of setting a pre-trial conference date and a trial date; and

---

[1] Defendants' conduct especially perplexing in light of the admonishment to Defendants in the June 26, 2012, order that the Court was "surprised and dismayed that Defendants moved for summary judgment on the first two causes of action" and noting that "Defendants' conduct set in motion a chain of events that has caused this Court to expend its scarce resources to resolve these summary judgment motions twice, a Rule 60 motion, and a Rule 59(d) motion." (Doc. 122, p. 18, n. 11.)  The order further stated:

> the Court has considered whether to issue an order to show cause why sanctions should not be imposed. However, the Defendants' current counsel did not file the offending motions, and the Court wishes this case to progress. The Court warns Defendants that it expects compliance with Rule 11(b) in all future filings, or else sanctions will be imposed through either Rule 11 or the Court's inherent authority.

(Doc. 122, p. 18, n. 11.)  As such, Defendants were put on notice that the Court had considered their conduct to be potentially sanctionable, and it is thus astonishing that Defendants would act in violation of the Court's order by failing to contact the Magistrate Judge as required.

2. Defendants are ORDERED to file a status report indicating whether they believe, in good faith, that settlement is a possibility in this action and setting forth whether they are interested in participating in a settlement conference. Defendants shall also propose dates and time frames for the pre-trial conference and the trial.

IT IS SO ORDERED.

Dated: **August 10, 2012**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE