# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTHONY DEAN SLAMA, | CASE NO. 1:08-cv-00810-AWI-SKO |
|---|---|
| Plaintiff, | **ORDER DISCHARGING ORDER TO SHOW CAUSE** |
| v. | (Docket No. 125) |
| CITY OF MADERA, et al., | **ORDER DENYING PLAINTIFF'S MOTION REQUESTING LEAVE OF COURT TO ENGAGE IN SETTLEMENT DISCUSSIONS BEFORE THE TRIAL DATE IS SET** |
| Defendants. | |
| | (Docket No. 123) |
| | **ORDER SETTING PRE-TRIAL CONFERENCE AND TRIAL DATES** |
| | **ORDER REQUIRING DEFENDANTS TO FILE A STATUS UPDATE RE: WILLINGNESS TO PARTICIPATE IN SETTLEMENT CONFERENCE** |

_____/

## I. INTRODUCTION

On June 26, 2012, the Court issued an order denying in part Defendants' motion for summary judgment, finding that there were material facts in dispute as to Plaintiff's claims for arrest without probable cause and excessive force. (Doc. 122.) The Court ordered the parties to "contact the Magistrate Judge within 30 days of service of this order for the purpose of setting a pre-trial conference date and a trial date." (Doc. 122, 18:17-18.)

On July 26, 2012, Plaintiff filed a "Motion and Request to Seek Leave of the Court to Potentially Resolve and/or Settle with the Defendants Without Issuing a Full Trial in Conjunction With Reasonable Attempts to Obtain Counsel" and an "Acknowledgment of Order on Summary

Judgment and Contact as Requested by the Trial Court for the Purposes of Setting Pre-Trial Conference and Trial Date." (Docs. 123, 124.) Plaintiff acknowledged that the Court's June 26, 2012, order denying in part Defendants' motion for summary judgment required the parties to contact the Court to set the pre-trial conference and trial dates, and indicated that he was seeking leave of the Court to resolve and/or settle the case with Defendants without the issuance of a full trial schedule. (Docs. 123, 124.)

On August 10, 2012, the Court issued an Order to Show Cause as to why Defendants' counsel should not be sanctioned for failing to comply with the June 26, 2012, Court order requiring Defendants to contact the Court regarding dates for the pre-trial conference and trial. (Doc. 125.) Defendants were also ordered to file a status report proposing those dates and indicating whether they believe, in good faith, that a settlement is a possibility in this action and whether they were interested in participating in a settlement conference. (Doc. 125.)

On August 13, 2012, Defendants filed the Declaration of Gregory L. Myers, the Declaration of Lisa M. Piatt, and a Status Report in response to the Court's Order to Show Cause. (Docs. 126, 128, 130.)

Accordingly, the Court DISCHARGES the Order to Show Cause, DENIES Plaintiff's request that a trial date not be set at this time, SETS the pre-trial conference and trial dates, and ORDERS Defendants to file a status update by no later than September 12, 2012, indicating whether they are interested in participating in a settlement conference.

## II. DISCUSSION

**A.     Order Discharging Order to Show Cause**

On June 26, 2012, Chief District Judge Anthony W. Ishii denied in part Defendants' motion for summary judgment and further ordered that "[t]he parties shall contact the Magistrate Judge within 30 days of service of this order for the purpose of setting a pre-trial conference date and a trial date." (Doc. 122, 18:17-18.) Plaintiff, who is currently incarcerated and is appearing pro se, contacted the Court as ordered. (Docs. 123, 124.) Defendants, however, failed to file any information on the docket and did not directly contact the Magistrate Judge assigned to this case; thus, it appeared that Defendants had failed to contact the Court.

On August 13, 2012, Defendants filed the Declaration of Gregory L. Myers, Defendant's counsel, and the Declaration of Lisa M. Piatt, Mr. Bradley's secretary. (Docs. 126, 128.) Ms. Piatt declares that on July 26, 2012, she contacted the assistant for Magistrate Judge Gary S. Austin via e-mail and proposed dates for the pre-trial conference and the trial. (Doc. 128, 1:20-26.) It is unclear why Magistrate Judge Austin's staff was contacted, since this action was reassigned from Magistrate Judge Austin to Magistrate Judge Sheila K. Oberto over two years prior on April 14, 2010. (Doc. 55.) Ms. Piatt declares that she was informed that the case was assigned to Judge Oberto and that the proposed dates would be forwarded to Judge Oberto's staff. (Doc. 128, 2:1-4.) Ms. Piatt does not indicate that she followed up with Judge Oberto's staff regarding scheduling in this action.[1] (*See* Doc. 128.) Further, Defendants filed nothing; thus, the docket does not reflect Defendants' efforts to comply with Chief District Judge Ishii's June 26, 2012, Order.[2] As such, Defendants did not contact Judge Oberto's chambers directly to propose dates as required in the Court's June 26, 2012, Order, and a review of the docket did not establish that Defendants made any contact with the Court.

Nonetheless, as it appears that Defendant's counsel did, in fact, contact a Magistrate Judge to propose dates, albeit the wrong Magistrate Judge, the Court DISCHARGES the Order to Show Cause.

**B.   Order Denying Plaintiff's Motion Requesting Leave of Court to Engage in Settlement Discussions Before a Trial Date is Set**

On July 26, 2012, Plaintiff filed a "Motion and Request to Seek Leave of the Court to Potentially Resolve and/or Settle with the Defendants Without Issuing a Full Trial in Conjunction With Reasonable Attempts to Obtain Counsel." (Doc. 123.) Plaintiff appears to be requesting that

---

[1] It is noted that Ms. Piatt has misspelled the name of Judge Oberto's courtroom deputy, Alice Timken (*see* Doc. 128, 2:4-6.), and, as such, if Ms. Piatt had attempted to contact Ms. Timken directly via e-mail, such misspelling would have prevented an e-mail from being received by Ms. Timken.

[2] While undocumented contact with the Court may sometimes appear to be an efficient way to accomplish case management tasks, such contact can lead to frustrating and time consuming misunderstandings when complying with express orders. Often, the best method of contacting the Court is to **file** statements or requests.

3

the Court wait 60-90 days before setting a trial date to allow the parties to engage in settlement negotiations. (Doc. 123, 2:16-18.)

While the Court does not wish to discourage the parties from engaging in settlement discussions, it is also prudent that the pre-trial conference and trial dates be set in the event that any such settlement discussions should fail – especially in light of the age and procedural posture of this action. As such, to the extent that Plaintiff is requesting that the Court postpone setting the pre-trial conference and trial dates, that request is DENIED. However, the Court will leave time between the present date and the future trial date to allow the parties to engage in settlement negotiations should they desire to do so.

**C.   Order Setting Pre-Trial Conference and Trial Dates**

On August 13, 2012, pursuant to the Court's August 10, 2012, order, Defendants filed a status report proposing dates for the pre-trial conference of January 3 or 11, 2013, and for the trial of February 4-13 or 18-22, 2013. (Doc. 130.) Defendants, however, did not allow sufficient time between the proposed pre-trial conference date and the trial date to allow for Chief District Judge Ishii's impacted scheduled. As such, based upon Defendants' proposed pre-trial conference date of January 11, 2013, the Court SETS the following schedule:

Pre-trial Conference Date:        January 11, 2013

Commencement of Trial Date:    March 5, 2013

**D.   Order Requiring Defendants to File a Status Update Regarding Willingness to Participate in Settlement Conference**

As noted above, on July 26, 2012, Plaintiff filed a "Motion and Request to Seek Leave of the Court to Potentially Resolve and/or Settle with the Defendants Without Issuing a Full Trial in Conjunction With Reasonable Attempts to Obtain Counsel." (Doc. 123.) It appears that Plaintiff is requesting that a settlement conference be held in this action. The Court's August 10, 2012, Order required that Defendants file a status update indicating whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in participating in a settlement conference. (Doc. 125.)

On August 13, 2012, Defendants filed a Status Report indicating that "[a] discussion has taken place with a representative from the City of Madera" and that "any final decisions regarding settlement lies with the City Council for the City of Madera." (Doc. 130, 1:21-22.) Defendants indicate that "[t]he issue of the potential settlement of this case will be brought before the City Council in [a] closed session on September 5, 2012," and that after that session, Defendants will file an update "advising the Court if settlement is a possibility and if they are interested in participating in a settlement conference." (Doc. 130, 1:23-2:1.)

As such, the Court ORDERS Defendants to file an updated status report regarding their willingness to participate in a settlement conference by no later than September 12, 2012.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's August 10, 2012, Order to Show (Doc. 125) is DISCHARGED;

2. Plaintiff's "Motion and Request to Seek Leave of the Court to Potentially Resolve and/or Settle with the Defendants Without Issuing a Full Trial in Conjunction With Reasonable Attempts to Obtain Counsel" (Doc. 123) is DENIED to the extent that Plaintiff is requesting that the Court delay setting the pre-trial conference and trial dates;

3. The pre-trial conference date is SET for January 11, 2013, and the trial commencement date is SET for March 5, 2013, before Chief District Judge Anthony W. Ishii; and

4. Defendants shall FILE a status report by no later than September 12, 2012, indicating their willingness to participate in a settlement conference.

IT IS SO ORDERED.

**Dated:   August 28, 2012**               /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE