# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CITY OF MADERA, et al.,<br><br>                    Defendants.<br>_____ / | CASE NO. 1:08-cv-00810-SKO<br><br>**ORDER REQUIRING PARTIES TO FILE AN AMENDED JOINT PRETRIAL CONFERENCE STATEMENT**<br><br>(Doc. 164) |

## I.   INTRODUCTION

On May 8, 2013, counsel for Plaintiff Anthony Dean Slama ("Plaintiff") and Defendants City of Madera, Officer Chavez, and Officer Sheklanian ("Defendants") filed a Joint Pretrial Conference Statement. (Doc. 164.) The parties' Joint Pretrial Conference Statement fails to comply with Rule 281 of the Local Rules of the United States District Court, Eastern District of California. Accordingly, the parties are ORDERED to file an amended Joint Pretrial Conference Statement by no later than **May 24, 2013**, that corrects the deficiencies set forth below.

## II.   DISCUSSION

Local Rule 281(b) sets forth the form and contents required in a Pretrial Statement and requires that the parties address twenty-three (23) separate categories. The submitted Joint Pretrial Conference Statement fails to address many of those categories. As such, the parties shall file an amended Joint Pretrial Conference Statement that *identifies all of the categories* required by Rule 281(b). If a particular category is not applicable to this case, the parties' amended Joint Pretrial Conference Statement shall provide a caption heading for that category and indicate that it is not applicable.

Additionally, the information in several of the categories in the Joint Pretrial Conference Statement is insufficient. Specifically, the parties must amend the Joint Pretrial Conference Statement to provide additional information in the following categories:

- **Points of Law.** Rule 281(b)(8) requires that the parties provide "[a] statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, ordinances, regulations, cases, and other authorities relied upon." While, "[e]xtended legal argument is not required in the pretrial statement," the parties cursory points of law section fails to cite any statutes, ordinances, or regulations, and only cites to cases for two out of the six points of law identified. Local Rule 281(b)(8). As such, the parties' amended Joint Pretrial Conference Statement shall provide supplemental information and fully address all the points of law listed, with reference to "pertinent statutes, ordinances, regulations, cases, and other authorities relied upon." Local Rule 281(b)(8).

- **Witnesses.** The parties provide the names of six witnesses, but fail to identify which witnesses will be testifying for which party and fail to provide the witnesses addresses as required under Rule 281(b)(10). This information shall be included in the amended Joint Pretrial Conference Statement. *See* Rule 281(b)(10). The parties are reminded that "[o]nly witnesses so listed [in the Pretrial Statement] will be permitted to testify at the trial, except as may be otherwise provided in the pretrial order." Rule 281(b)(10).

- **Exhibits.** Rule 281(b)(11) requires that each party identify "[a] list of documents or other exhibits that the party expects to offer at trial." The parties' Joint Pretrial Conference Statement fails to identify which party shall be offering which exhibit. Further, while the parties provide six categories of exhibits, they fail to identify specific documents or exhibits that fall within those categories. The parties are reminded that "[o]nly exhibits so listed [in the Pretrial Statement] will be permitted to be offered at the trial," and are cautioned that a party's *failure to specifically*

*identify exhibits to be used at trial shall result in their exclusion from trial*. As such, the amended Joint Pretrial Conference Statement shall specifically identify the exhibits the parties are planning to offer at trial and the party that is planning to offer the exhibit.

- **Further Discovery or Motions.** While the parties' Joint Pretrial Conference Statement states that "[i]t is not anticipated at this time that any further discovery or discovery motions will be conducted" (Doc. 164, ¶ XIII), the parties fail to indicate whether there are any pretrial motions anticipated, including motions in limine. As such, the parties must indicate if they are planning to file any motions in limine or other motions.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties shall file an amended Joint Pretrial Conference Statement by no later than May 24, 2013, that corrects the deficiencies outlined in this order.

IT IS SO ORDERED.

**Dated:   May 20, 2013**                     /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE