# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY DEAN SLAMA,            CASE NO. 1:08-cv-00810-AWI-SKO

          Plaintiff,        **ORDER SETTING PRETRIAL SCHEDULE AND DEADLINES**

    v.

CITY OF MADERA, et al.,

          Defendants.

_____/

     Due to the Court's continuance of the Pretrial Conference to May 31, 2013, at 3:30 p.m., and to provide the parties sufficient time to comply with required pretrial deadlines and requirements, the Court sets the following schedule and deadlines.

## I.    EXHIBITS

     **No later than June 3, 2013**, the parties shall exchange their proposed exhibits to the extent that they have not done so.  The parties' counsel shall meet and conduct an exhibit conference **no later than June 10, 2013**, to pre-mark and examine trial exhibits and to prepare exhibit lists to the extent that they have not done so.  **No later than June 21, 2013**, the parties shall file and serve their final lists of respective pre-marked exhibits.  Only those exhibits that are listed in the Pretrial Order, which will issue after the Pretrial Conference, may appear on the final exhibit list.  **Further, no exhibit, other than those listed in the final exhibit list, may be admitted at trial for any purpose including rebuttal unless the parties stipulate or upon a showing that this order and the forthcoming Pretrial Order should be modified to prevent "manifest injustice."**  Fed. R. Civ. P. 16(e).  **No later than June 24, 2013**, the parties shall submit to the Court through the Clerk's

Office all pre-marked documentary trial exhibits, including all originals and one copy.  Joint exhibits, if any, shall be admitted into evidence for all purposes.

## II.   DISCOVERY DOCUMENTS

Although the parties' Joint Pretrial Conference Statement indicated that counsel had "no intention to use written discovery at the time of trial, other than necessary for impeachment" (Doc. 164, ¶ XII), to the extent that discovery is reasonably anticipated to be used at trial for impeachment, it *must* be exchanged.  As such, **no later than June 21 2013,** the parties shall file and serve a final list of discovery documents that they reasonably anticipate using for impeachment purposes.  Only those discovery documents listed in the Pretrial Order, which will be issued after the Pretrial Conference, may appear on the final discovery document list.  **Further, no discovery documents, other than those listed in the final exhibit list, may be admitted at trial for any purpose including for rebuttal unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice."**  Fed. R. Civ. P. 16(e).

Discovery documents (or relevant portions thereof) may be either separately marked and indexed as a trial exhibit (as part of the exhibit marking process described above) or, if admissible, read directly into evidence.  **No later than June 24, 2013**, the parties shall submit to the Clerk's Office all pre-marked discovery documents.

Deposition testimony shall be designated by page and line number, with such designation to be **filed and served no later than June 21, 2013.**  Any counter-designation as to the same designation (also set out by page and line number) shall be **filed and served no later than June 24, 2013.**  The original certified transcript of any deposition identified in a designation or counter-designation shall be lodged with the Court through the Clerk's Office **no later than June 28, 2013**, if not previously lodged with the Court.

## III.   MATERIALS USED IN OPENING AND CLOSING STATEMENTS

Any materials to be used during a party's opening and/or closing statements shall be disclosed to the other party in advance of trial.  As such, **no later than June 24, 2013,** the parties shall serve on each other copies or a description of any materials to be used in opening and/or closing statements at trial.  Further, by **no later than June 28, 2013,** the parties shall submit copies or a description of these materials to the Court through the Clerk's Office.

**IV.    DUTIES OF COUNSEL REGARDING EVIDENCE**

    **A.    General Evidentiary Matters**

During the course of trial, the parties' counsel shall meet with the Court each morning to advise as to which items of evidence will be used that day and which have not already been admitted into evidence.   The Court will rule on any objections to the extent possible prior to the commencement of trial each day out of the presence of the jury.  If such ruling depends on the receipt of testimony or other evidence, the Court will rule as appropriate upon receipt of such testimony or evidence.  If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required.  During the time set for conducting the trial before the jury, the Court will not hear argument outside the jury's presence on such matters.

    **B.    Witnesses**

During the trial, **the parties' counsel are obligated to provide the Court and the other counsel, no less than one court day before a witness is called, with the names of the witnesses to be called**.  If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing will be required.

**V.    MOTIONS IN LIMINE**

The Court ORDERS the parties' counsel to meet and confer on anticipated motions in limine and to distill evidentiary issues.  The Court FURTHER ORDERS the parties to file motions in limine as to only important matters in that most evidentiary issues can be resolved easily with a conference among the Court and counsel.  If, after conferencing, any party chooses to file motions in limine, the party shall file and serve its motions in limine by **no later than June 3, 2013.**  Oppositions to motions in limine shall be filed and served **no later than June 7, 2013.**  The Court will not accept or consider reply papers.  The Court will conduct a hearing **on June 14, 2013, at 3:00 p.m.** in Courtroom 7 (SKO).

**VI.    TRIAL PREPARATION AND SUBMISSIONS**

    **A.    Trial Briefs**

The parties are relieved of their obligation to file trial briefs under Local Rule 285.  If any party wishes to file a trial brief, the party must do so in accordance with Local Rule 285 and must file and serve the trial brief by **no later than June 21, 2013.**

**B.      Neutral Statement of the Case**

**No later than June 10, 2013,** the parties shall meet and confer regarding the drafting a neutral statement of the case.  The parties shall jointly file a neutral, brief statement of the case, which is suitable for reading to the jury on one another by **no later than June 21, 2013.**

**C.      Proposed Voir Dire**

The parties shall file and serve any proposed jury voir dire by **no later than June 21, 2013.**

**D.      Proposed Jury Instructions**

The parties shall serve their proposed jury instructions on one another **by no later than June 3, 2013.**  The parties shall conduct a conference to address their proposed jury instructions **by no later than June 10, 2013.**  At the conference, the parties SHALL reach an agreement on the jury instructions for use at trial.  The parties shall file and serve all agreed-upon jury instructions, and identify them as such, **by no later than June 21, 2013.**

For those jury instructions on which the parties are not in agreement, **by no later than June 21, 2013**, Plaintiff may file and serve no more than ten (10) proposed jury instructions and identify them as instructions upon which the parties could not agree.  Similarly, **by no later than June 21, 2013**, Defendants may file and serve no more than ten (10) proposed jury instructions and identify them as instructions upon which the parties could not agree.  Without prior order, the Court will not consider additional proposed jury instructions past the first ten (10).

All jury instructions shall indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

Ninth Circuit Model Jury Instructions **SHALL** be used where the subject of the instruction is covered by a model instruction.  Otherwise CACI or BAJI instructions **SHALL** be used where the subject of the instruction is covered by CACI or BAJI.  **All instructions shall be short, concise, understandable, and neutral and accurate statements of the law.  Argumentative or formula instructions will not be given and must not be submitted.**  Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the

4

modification made to the original form instruction and the legal authority supporting the modification.

**By no later than June 24, 2013**, the parties may file and serve meaningful written objections to disputed jury instructions proposed by another party. All objections shall be in writing, shall set forth the proposed instruction objected to in its entirety, shall specifically set forth the objectionable matter in the proposed instruction, and shall include a citation to legal authority to explain the grounds for the objection and why the instruction is improper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

**E.      Proposed Verdict Form**

The parties shall serve their proposed verdict form on one another by **no later than June 3, 2013.** The parties shall conduct a conference to address their proposed verdict form by **no later than June 10, 2013.** At the conference, the parties SHALL reach agreement on the verdict form for use at trial. The parties shall file and serve the agreed-upon verdict form, and identify it as such, **by no later than June 21, 2013.** If a party seeks additions to the agreed-upon verdict form, the party may file and serve by **no later than June 24, 2013,** a proposed verdict form which includes the agreed-upon portions and additions which are clearly indicated on the party's proposed verdict form. The Court will strike and will not accept separately proposed verdict forms upon which the parties do not agree.

**F.      Other Matters**

All proposed jury instructions and verdict forms shall be e-mailed as a WordPerfect or Word formatted attachment to skoorders@caed.uscourts.gov by **no later than June 21, 2013.** Jury instructions and verdict forms will not be given or used unless they are e-mailed to the Court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

**VII   STRICT COMPLIANCE**

Strict compliance with this scheduling order and its requirements is mandatory. The Court will strictly enforce the requirements of this order, especially those portions pertaining to jury instructions and a verdict form. Counsel and the parties are subject to sanctions for failure to fully

comply with this order and its requirements. **The Court will modify this order "only to prevent manifest injustice."** Fed. R. Civ. P. 16(e).


IT IS SO ORDERED.

**Dated:    May 20, 2013**                              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE