# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA, | Case No. 1:08-cv-00810-SKO |
| Plaintiff, | **PRETRIAL ORDER** |
| v. | **Motions in Limine**<br>**Filing Deadline:**     August 5, 2013 |
| | **Motions in Limine**<br>**Response Deadline:**   August 12, 2013 |
| CITY OF MADERA, et al., | **Motions in Limine**<br>**Hearing:**   Date:  August 19, 2013<br>               Time:  10:30 a.m.<br>               Court: 7 (SKO) |
| Defendants. | |
| | **Jury Trial:**   Date:  Sept. 3, 2013<br>(3-5 day estimate)   Time:  8:30 a.m.<br>                     Court: 7 (SKO) |

The Court conducted a pretrial conference on August 1, 2013. Plaintiff Anthony Dean Slama ("Plaintiff" or "Slama") appeared personally through his counsel, Andrew J. Fishkin, Esq. Defendants Officer Sheklanian ("Sheklanian") and Officer Chavez ("Chavez," collectively "Defendants") appeared personally through their counsel, Gregory L. Myers, Esq. Pursuant to Federal Rule of Civil Procedure 16(e), the Court issues the following Pretrial order.

**A.     JURISDICTION AND VENUE**

Plaintiff brings a federal civil rights action pursuant to 42 U.S.C. § 1983, and the Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331; 42 U.S.C.

§ 1988. Venue is proper because the conduct allegedly occurred in this judicial district. The parties have no dispute regarding jurisdiction or venue.

**B.     JURY TRIAL**

This case will be tried before a jury.

**C.     TRIAL DATE AND ESTIMATED LENGTH**

Trial will commence on **Tuesday, September 3, 2013, at 8:30 a.m. before U.S. Magistrate Judge Sheila K. Oberto in Courtroom 7 (SKO).** The parties estimate that the trial will require approximately 3 to 5 days. The parties are reminded that this Court holds full trial days, and the parties are expected to have witnesses ready every day to avoid wasting jury time.

**D.     UNDISPUTED FACTS**

1. At the time of the incident, Officer Sheklanian and Officer Chavez were officers with the Madera Police Department.

2. On December 20, 2005, Mr. Slama was stopped by Officers Sheklanian and Chavez, and was ultimately searched, arrested and taken into custody.

3. Mr. Slama was placed under arrest for violation of Penal Code § 148(A)(1), which is interfering, delaying and resisting an officer in the performance of his duties and is commonly known as "Resisting Arrest."

**E.     DISPUTED FACTUAL AND LEGAL ISSUES**

Defendants generally contest all facts, except those set forth above as undisputed facts. Defendants contest:

1. The facts which serve as the basis for the initial stop of Mr. Slama and those giving rise to probable cause and reasonable suspicion which resulted in the arrest of Mr. Slama by the Officers.

2. The facts related to the detention and arrest of Mr. Slama which give rise to claims that the force used by the defendants was unreasonable.

3. Whether or not Mr. Slama gave consent to search his person to the Officers.

**F.     DISPUTED EVIDENTIARY ISSUES**

1.     Plaintiff has moved in limine to exclude (1) evidence or witnesses not previously disclosed to Plaintiff; (2) non-party witnesses from the courtroom; (3) expert testimony by non-experts, including by the Defendant Officers as to matters concerning any capacity outside the scope of their duties and as to evidence concerning successful arrests and convictions regarding any other person; (4) testimony as to the prior criminal history of Plaintiff; and (5) testimony by non-disclosed experts. (Doc. 181.)

2.     Defendants have moved in limine to exclude (1) evidence or witnesses not previously disclosed to Defendants during discovery; (2) non-party witnesses from the courtroom; (3) references to police officer training; (4) evidence of other complaints or lawsuits against Defendants or any other Chowchilla Police Department Officers; (5) expert opinions by non-experts, including Plaintiff; (6) pictures taken at the scene of the incident; and (7) medical records pertaining to Plaintiff. (Doc. 180.)

**G.     SPECIAL FACTUAL INFORMATION**

The parties have set forth the following nature of the case.

This lawsuit arises out of an incident, which occurred on December 20, 2005, in the City of Madera at approximately 1:30 a.m.  Mr. Slama was arrested near the intersection of Central and "D" Streets, which is known to the Officers as being a high crime area where drug use is common.

Mr. Slama was walking on the south side of "D" Street when he was stopped and ultimately arrested.

Mr. Slama contends that Officers Chavez and Sheklanian may have had reasonable suspicion to initiate a brief conversation, but lacked probable cause to arrest him and that the search of his person was without consent, not incidental to a lawful arrest, and was therefore unlawful.  He also contends the manner in which Officers took him into custody involved the use of unreasonable force.

The Officers contend that Mr. Slama appeared to be acting suspiciously in a high crime area by seeking the shadows of trees, and when the Officers stopped to ask him what he was doing in the area at that particular time of night, they asked if they could search him for the safety of

themselves and for his own safety. The Officers contend that Mr. Slama agreed to allow the Officers to conduct a search for weapons. Defendants further contend that Mr. Slama became belligerent and aggressive, and they had to take him to the ground for their own safety and that of Mr. Slama. Ultimately, Officer Chavez used his Police Department issued Taser to subdue Mr. Slama. Defendants contend that their actions were justified, reasonable, lawful, and within the accepted law enforcement standards.

Mr. Slama contends that "Defendants, lacking probable cause, violated his civil rights and used excessive force in an unlawful search and arrest." (Doc. 175, 3:11-13.) Plaintiff contends that the Officers approached him from the rear and issued a forceful command to, "Stop," and that at no time did he, nor would a reasonable person confronted by two uniformed police officers, believe himself free to leave. Mr. Slama further contends that Officers Sheklanian and Chavez physically restrained him, placed him in a choke hold, cuffed him and tased him. Mr. Slama contends that he was illegally searched without his consent and that no weapons, narcotics or contraband of any kind were found anywhere on or near his person. Mr. Slama contends that Officers Sheklanian and Chavez lacked probable cause to believe that Mr. Slama had committed or was about to commit a crime, and as such had no authority to detain, arrest, or search him, and in doing so violated his civil and constitutional rights.

**H.   RELIEF SOUGHT**

Plaintiff's complaint alleges general and special damages to be proven at trial. Plaintiff alleges that the actions of the Defendants injured Plaintiff by causing intentional infliction of emotional distress, false imprisonment, constitutional injuries, and injury to Plaintiff's back, causing him pain.

**I.   POINTS OF LAW**

**1.   Whether the Defendant Officers had Reasonable Suspicion to Stop and Talk with Plaintiff**

"The Fourth Amendment applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest." *United States v. Johnson*, 581 F.3d 994, 999 (9th Cir. 2009) (citing *United States v. Enslin*, 327 F.3d 788, 795 (9th Cir.2003)). Reasonable

4

suspicion is formed by specific, articulable facts that, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity. *Id.* (citing *United States v. Thompson*, 282 F.3d 673, 678 (9th Cir.2002)) (quotation marks omitted). "To determine whether reasonable suspicion existed, the court must consider the totality of the circumstances surrounding the stop." *Id*. (citing *United States v. Hall*, 974 F.2d 1201, 1204 (9th Cir. 1992)). The court makes this determination with "reference to the collective knowledge of the officers involved, and the inferences reached by experienced, trained officers." *Id*. (citing *Hall*, 974 F.2d at 1204) (quotation marks omitted).

### 2. Whether the Defendant Officers Had Probable Cause to Arrest Plaintiff

A warrantless arrest must be supported by probable cause. *United States v. Garza*, 980 F.2d 546, 549 (9th Cir. 1992) (citing *United States v. Del Vizo*, 918 F.2d 821, 825 (9th Cir.1990)). "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." *Id*. (citing *United States v. Potter*, 895 F.2d 1231, 1233-34 (9th Cir.)) (quotation marks omitted)). Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause. *Id*.

### 3. Whether the Defendant Officers are Entitled to Qualified Immunity

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009),

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the

circumstances. *Pearson*, 555 U.S. at 236 (overruling holding in *Saucier* that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); *Mueller*, 576 F.3d at 993-94.

### 4. Whether the Defendant Officers Used Excessive Force During Plaintiff's Arrest

Allegations of excessive force during an arrest are analyzed under a Fourth Amendment standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989) (finding that "claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other seizure . . . are properly analyzed under the Fourth Amendment's objective reasonableness standard") (quotation marks omitted); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) (finding that "the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures").

This objective reasonableness analysis "requires balancing the nature and quality of the intrusion on a person's liberty with the countervailing governmental interests at stake to determine whether the force used was objectively reasonable under the circumstances." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir. 2007) (citing *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005)) (quotation marks omitted). Factors the court considers in assessing the government interests at stake include (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. *Id*. (citing *Graham*, 490 U.S. at 396) (quotation marks omitted). Courts may also consider the availability of alternative methods of capturing or subduing a suspect. *Id*. (citing *Smith*, 394 F.3d at 701) (quotation marks omitted).

## J. AMENDMENTS, DISMISSALS, AND ABANDONED ISSUES

The parties indicate that there are no abandoned issues.

The Court notes that on June 26, 2012, District Judge Anthony W. Ishii granted in part Defendants' motion for summary judgment as to Plaintiff's third and fourth causes of action for *Monell* liability against Defendants City of Madera and the Madera Police Department and, as such, there are no longer any claims against these Defendants. (Doc. 122, p. 18.) Further, Judge Ishii ruled that "Defendant Sheklanian's motion for summary judgment on the second cause of

action [for excessive force] is DENIED with respect to conduct relating to 'wrist controls,' but is GRANTED with respect to leg sweeps, choke holds, and tasers." (Doc. 122, p. 18.)

**K.     BIFURCATION OF ISSUES AT TRIAL**

The parties have not request bifurcation of any issues.

**L.     FURTHER DISCOVERY OR MOTIONS**

There are no further discovery matters pending or anticipated. The parties have filed motions in limine. A schedule for filing oppositions and for the hearing date is provided herein.

**M.     SETTLEMENT NEGOTIATIONS**

No settlement negotiations have been conducted as Defendants have declined to engage in settlement negotiations.

**N.     WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. No later than **August 23, 2013,** each party shall file and serve a final witness list, including the name of each witness along with the business or home address of each witness, to the extent known, and omitting witnesses listed in the Joint Pretrial Statement whom the parties no longer intend to call. Only witnesses who are listed in this Pretrial Order may appear on the final witness list. **Further, no witness, other than those listed in the final witness list, may be called at trial unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice."** Fed. R. Civ. P. 16(e).

   **1.     Plaintiff's Witness List**

   Anthony Slama
   CSATF/SF – CORCORAN (2)
   P.O. Box 5244 – F2B/08/2L
   Corcoran, CA   93212

   Louie Vela, Eyewitness
   1154 Hazelnut Lane
   Madera, CA   93638

   Rita Chavez, Photographer
   17257 El Paso Road
   Madera, CA   93638

   Officer Shant Sheklanian
   204 W. 4th St
   Madera, CA   93637

Officer Josh Chavez
204 W. 4th St
Madera, CA 93637

**2. Defendants' Witness List**

Anthony Slama
CSATF/SF – CORCORAN (2)
P.O. Box 5244 – F2B/08/2L
Corcoran, CA 93212

Officer Shant Sheklanian
204 W. 4th St
Madera, CA 93637

Officer Josh Chavez
204 W. 4th St
Madera, CA 93637

Curtis Cope, Expert Witness
8531 Palermo Drive
Huntington Beach, CA 92646-2626

**O. EXPERT WITNESSES**

Defendants have designated Curtis Cope as an expert witness. Plaintiff does not object to this designation.

**P. EXHIBITS**

The parties were ordered at the August 1, 2013, Pretrial Conference, by **no later than August 8, 2013**, to exchange their proposed exhibits to the extent they have not already done so, exclusive of exhibits that may be offered solely for the purpose of impeachment. The parties' counsel shall meet and conduct an exhibit conference **no later than August 14, 2013,** to prepare exhibit lists to the extent they have not already done so.[1] **No later than August 23, 2013,** the parties shall file and serve their final lists of respective pre-marked exhibits. Only those exhibits that are listed in this Pretrial Order, other than those that may be offered solely for the purpose of impeachment, may appear on the final exhibit list. **Further, no exhibit, other than those listed in the final exhibit list, may be admitted at trial for any purpose including rebuttal unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice."** Fed. R. Civ. P. 16(e). **No later than August 26, 2013,** the parties shall submit to the

---

[1] Joint exhibits should be marked starting with "J-1," continuing with "J-2," "J-3," "J-4," etc. Plaintiff's exhibits should be marked starting with "P-201," continuing with "P-202," "P-203," "P-204," etc. Defendants' exhibits should be marked starting with "D-501," continuing with "D-502," "D-503," "D-504," etc.

Clerk's Office, all pre-marked documentary trial exhibits, including all originals and three copies. The parties anticipate using the following exhibits:

**1.    Plaintiff's Exhibit List**

Exhibit 1: Declarations of Officers Shant Sheklanian and Officer Josh Chavez:

> Madera Police Department Declaration of Officer Shant Sheklanian, dated 12/20/2005
>
> Madera Police Department Declaration of Officer Josh Chavez, dated 12/20/2005

Exhibit 2 and 3: Plaintiff's Medical Records

> Medical Records for 2010
>
> State of California, Primary Care Provider Progress Notes, dated 4/22/2010, from Dr. John Chokatos, M.D.
>
> State of California CDC, Medical Record, dated 3/18/2010, from Registered Nurse, Illegible Signature.
>
> Medical Records for 2009
>
> State of California, CDC, Medical Record dated 12/15/2009, from Registered Nurse K. Solo.
>
> Interdisciplinary Progress Notes, dated 10/7/2009; 9/30/2009 and 9/30/2009, depicting exercise drawings.
>
> State of California, Department of Corrections, Health Care Services Physician Request for Services, dated 8/26/2009 from Registered Nurse Daga.
>
> State of California, Department of Corrections and Rehabilitation, Physical Therapy Evaluation, Diagnosis, dated 8/26/2009 from Dr. S. Chabak at Pleasant Valley State Prison.
>
> State of California, Department of Corrections Notification of Diagnostic Test Results dated 8/14/2009, from Dr. G. Jaime, M.D. Pleasant Valley State Prison.
>
> State of California, Department of Corrections Comprehensive Accommodation Chrono, dated 6/16/2009
>
> State of California, Department of Corrections Division of Adult Institution Ironwood State Prison, Accommodation Request, dated May 4, 2009, due to Mobility Disability.
>
> State of California, Department of Corrections Comprehensive Accommodation Chrono, depicting Physical Limitations to Job Assignments, dated 4/20/2009, from Dr. G. Jaime, M.D.
>
> State of California, Department of Corrections Disability Placement Program Verification, depicting Mobility Impaired, regarding housing restrictions and walking restrictions, from Dr. G. Jaime, M.D.
>
> State of California, Department of Corrections Ironwood Receipt for Health Records, dated April 9, 2009 from C. Logan, HRTI.

State of California, Department of Corrections Reasonable Modification or Accommodation Request, dated 3/23/2009 from Anthony Slama.

Medication Administration Record, depicting Amitriptyline HCL 50mg Tab, Prescribed by Dr. Morgan, FNP, administered by Registered Nurse R. Sandoval, dated 2/20/2009.

State of California, Department of Corrections, Health Care Services Request Form, due to Chronic Back Pain, Medication, dated 2/18/2009 from Elizabeth Graham, RN; and L. Webb-Stuard, RN.

California Department of Corrections, Ironwood State Prison Psychiatric Medications Informed Consent, dated 11/26/2008 from Dr. G. Jaime, M.D. Issuance of Medication.

Medical Records for 2008

Medication Reconciliation-Active Medications as of 10/21//2008, from Dr. G. Jaime, M.D. dated 10/21/2008.

State of California, Department of Corrections Interdisciplinary Progress Notes, from L. Webb-Stuard, RN, dated 10/7/2008.

State of California, Department of Corrections Health Care Services Request Form, dated 10/6/2008 from L. Webb-Stuard, RN.

State of California, Department of Corrections, Inmate Pass for Anthony Slama to Central-Health.

State of California, Department of Corrections, Health Care Services Physician Request for Services, dated 9/9/2008 from Dr. Sally Morgan, NP

State of California, Department of Corrections, Interdisciplinary Progress Notes, pertaining to Mr. Anthony Slama, dated 9/7/2008.

Progress Notes from S. Morgan, N.P. for Anthony Slama, dated 8/21/2008.

California Department of Corrections and Rehabilitation, Division of Correctional Health Care Services, Ironwood State Prison, dated 7/28/2008 from F. Pratt, RN.

Physician's Orders – P. Dagman, NP, Prescription, dated 6/4/2008, for Anthony Slama.

California Department of Corrections, Medication Administration Record, dated 5/14/2008.

Physician's Orders – Prescription, dated 5/14/2008, for Anthony Slama.

Exhibit 4: Photographs of Injuries Sustained by Plaintiff

Three photographs taken by Madera Police Department, Officer Sheklanian, Case No. 05-40282.

**2.   Defendants' Exhibit List**

1.   Madera Police Report, Case No. 05-40282;

    2.    Drawing of location of incident;

    3.    Google Maps and Google Photographs of location of incident;

    4.    Declarations of Anthony Slama filed with the Court as Documents numbered 42, 92, 112 and 145;

    5.    Declaration of Rita Chavez Slama dated May 4, 2012, filed with the Court as Document number 104;

    6.    Declaration of Mariah Cassandra Slama dated May 4, 2012, filed with the Court as Document number 105; and

    7.    Declaration of Louie Vela, signed by Mr. Vela on August 21, 2008.

**Q.   DISCOVERY DOCUMENTS**

Defendants anticipate the use of the above-mentioned declarations for purposes of impeachment and to refresh the recollection of the memory of witnesses and Mr. Slama. Defendants also anticipate using the depositions of Anthony Slama and Louie Vela for impeachment purposes.

**No later than August 23, 2013,** the parties shall file and serve a final list of discovery documents that they intend to use at trial. Only those discovery documents listed in this Pretrial Order may appear on the final discovery document list. **Further, no discovery document, other than those listed in the final exhibit list, may be admitted at trial for any purpose including for rebuttal unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice."** Fed. R. Civ. P. 16(e).

Discovery documents (or relevant portions thereof) may be either separately marked and indexed as a trial exhibit (as part of the exhibit marking process described above) or, if admissible, read directly into evidence. **No later than August 26, 2013,** the parties shall submit to the Court, through the Clerk's Office, all pre-marked discovery documents.

**R.   MATERIALS USED IN OPENING AND CLOSING STATEMENTS**

Any materials to be used during a party's opening and, to the extent reasonably known, closing statements shall be disclosed to the other party and the Court in advance of trial. As such, **no later than August 30, 2013,** the parties shall serve on each other copies or a description of any materials to be used in opening and, to the extent reasonably known, closing statements at trial and

11

1 shall also submit copies or a description of these materials to the Court through delivery to the
2 Clerk's Office.

**S.    DUTIES OF COUNSEL REGARDING EVIDENCE**

####    1.    General Evidentiary Matters

During the course of trial, the parties' counsel shall meet with the Court each morning to advise as to which items of evidence will be used that day and which have not already been admitted into evidence.  The Court will rule on any objections to the extent possible prior to the commencement of trial each day out of the presence of the jury.  If such ruling depends on the receipt of testimony or other evidence, the Court will rule as appropriate upon receipt of such testimony or evidence.  If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing outside the jury's presence will be required.  During the time set for conducting the trial before the jury, the Court will not hear argument outside the jury's presence on such matters.

####    2.    Witnesses

During the trial, **the parties' counsel shall provide to the Court and the other counsel, no less than one (1) court day before a witness is called, with the name of the witness to be called.**  If evidentiary problems are anticipated, the parties' counsel are required to notify the Court immediately that a hearing will be required.

####    3.    Post-Trial Exhibit Retention

The party's counsel who introduces evidence at trial shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case.  The parties' counsel shall retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

**T.    MOTIONS IN LIMINE**

On June 5, 2013, the Court ordered that the parties file any motions in limine by **no later than August 5, 2013.**  (Doc. 173.)  The parties confirmed that filing deadline at the August 1, 2013, Pretrial Conference.  Oppositions to motions in limine shall be filed and served **no later than August 12, 2013.**  The Court will not accept or consider reply papers.  The Court will conduct a hearing on **August 19, 2013, at 10:30 a.m. in Courtroom 7** (SKO).  **Telephonic**

1 **appearances for the motion in limine hearing are approved; counsel appearing**
2 **telephonically shall confer to place one conference call to the Court at the time and date for**
3 **the hearing.**
4 U.     **TRIAL PREPARATION AND SUBMISSIONS**
5      **1.     Trial Briefs**
6      If the parties wish to file trial briefs, they must comply with Rule 285 of the Local Rules of
7 the United States District Court, Eastern District of California.  Any trial briefs **should be filed**
8 **and served no later than August 23, 2013.**
9      **2.     Neutral Statement of the Case**
10      The parties were ordered at the August 1, 2013, Pretrial Conference that, by **no later than**
11 **August 7, 2013,** to serve a proposed neutral statement of the case on the opposing party.  **No later**
12 **than August 14, 2013,** the parties shall meet and confer regarding the drafting of a neutral
13 statement of the case.  The parties shall jointly file a neutral, brief statement of the case, which is
14 suitable for reading to the jury by **no later than August 23, 2013**.
15      **3.     Proposed Voir Dire**
16      The parties shall file and serve any proposed jury voir dire by no later than **August 23, 2013**.
17      **4.     Proposed Jury Instructions**
18      The parties were ordered at the August 1, 2013, Pretrial Conference to serve their proposed
19 jury instructions on one another **by no later than August 7, 2013**.  The parties shall conduct a
20 conference to address their proposed jury instructions by **no later than August 14, 2013**.  At the
21 conference, the parties SHALL reach an agreement on the jury instructions for use at trial.  The
22 parties shall file and serve all agreed-upon jury instructions, and identify them as such, **by no later**
23 **than August 23, 2013**.
24      For those jury instructions on which the parties cannot agree, **by no later than August 23,**
25 **2013,** Plaintiff may file and serve no more than ten (10) proposed jury instructions and identify
26 them as instructions upon which the parties could not agree.  Similarly, **by no later than August**
27 **23, 2013**, Defendant may file and serve no more than ten (10) proposed jury instructions and
28

identify them as instructions upon which the parties could not agree. Without prior order, the Court will not consider additional proposed jury instructions past the first ten (10).

All jury instructions shall indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

Ninth Circuit Model Jury Instructions **SHALL** be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions **SHALL** be used where the subject of the instruction is covered by CACI or BAJI. **All instructions shall be short, concise, understandable, neutral, and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted.** Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modifications of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

**By no later than August 26, 2013,** the parties may file and serve any written objections to disputed jury instructions proposed by another party. All objections shall be in writing, set forth the proposed instruction, and shall include a citation to legal authority to explain the grounds for the objection and why the instruction is proper. A concise argument concerning the instruction may be included. Where applicable, the objecting party shall submit an alternative proposed instruction covering the subject or issue of law.

### 5. Proposed Verdict Form

The parties were ordered at the August 1, 2013, Pretrial Conference to serve their proposed verdict form on one another by **no later than August 7, 2013.** The parties shall conduct a conference to address their proposed verdict form **by no later than August 14, 2013**. At the conference, the parties SHALL reach agreement on the verdict form for use at trial. The parties

shall file and serve the agreed-upon verdict form, and identify it as such, **by no later than August 23, 2013**. If a party seeks additions to the agreed-upon verdict form, the party may file and serve, by **no later than August 26, 2013,** a proposed verdict form which includes the agreed-upon portions and additions which are clearly indicated on the party's proposed verdict form. The Court will not accept, and will strike, separately proposed verdict forms upon which the parties do not agree.

### 6. Courtroom Access

If counsel intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, counsel shall contact the Courtroom Deputy by **no later than August 23, 2013**, so that any necessary arrangements and/or training may be scheduled. **To the extent either party has video or DVD evidence they wish to present, the only method of displaying such evidence will be through the use of counsel's laptop which will be then projected to the Courtroom monitors.** Counsel's laptop shall serve as the device that plays these videos or DVDs – the courtroom equipment no longer provides any technology to play such evidence.

### 7. Other Matters

All proposed jury instructions and verdict forms shall be e-mailed as a Word document attachment to skoorders@caed.uscourts.gov by no later than **August 23, 2013**. Jury instructions and verdict forms will not be given or used unless they are e-mailed to the court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

//
//
//
//

## V.  SUMMARY OF PRETRIAL DEADLINES AND HEARINGS

| Deadline | Event |
|---|---|
| **August 5, 2013** (Monday) | - Parties shall have filed their Motions in Limine. |
| **August 7, 2013** (Wednesday) | - Each party shall have served a proposed neutral statement of the case on opposing party;<br>- Each party shall have served proposed jury instructions on opposing party;<br>- Parties shall have served proposed verdict forms on opposing party. |
| **August 8, 2013** (Thursday) | - Parties shall have exchanged proposed exhibits. |
| **August 12, 2013** (Monday) | - Oppositions to Motions in Limine. |
| **August 14, 2013** (Wednesday)<br><br>All events to occur **no later than August 14, 2013.** | - Exhibit Conference;<br>- Meet and Confer to draft joint neutral statement of the case;<br>- Meet and Confer regarding jury instructions;<br>- Meet and Confer regarding verdict form. |
| **August 19, 2013 (10:30 a.m.)** (Monday) | - Hearing on Motions in Limine. |
| **August 23, 2013** (Friday) | - File Final Witness Lists;<br>- File Final Exhibit Lists;<br>- File Final list of discovery documents;<br>- File trial brief (if used);<br>- File any proposed voir dire;<br>- File <u>agreed-upon</u> jury instructions;<br>- File <u>joint</u> verdict form;<br>- File <u>joint</u> Neutral Statement of the Case;<br>- File up to 10 proposed jury instructions on which the parties could not agree (no more than 10 will be considered).<br>- Contact Courtroom Deputy re: use of laptop and audio/visual equipment |

| **August 26, 2013**  (Monday) | - Submit all pre-marked trial exhibits to the Clerk's Office;<br>- Submit all deposition transcripts reasonably anticipated for use for any purpose at trial to the Clerk's Office;<br>- File any objections to separately proposed jury instructions;<br>- File any additions to the agreed-upon verdict form. |
|---|---|
| **August 30, 2013**  (Friday) | - Serve on opposing counsel and file with the Clerk's Office a description of any materials to be used in opening and closing (to the extent that the closing materials are reasonably known). |

## W.   STRICT COMPLIANCE

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this Pretrial Order, especially those portions pertaining to jury instructions and a verdict form. Counsel and the parties are subject to sanctions for failure to fully comply with this order and its requirements. **The Court will modify this order "only to prevent manifest injustice."** Fed. R. Civ. P. 16(e).


IT IS SO ORDERED.

   Dated:   **August 8, 2013**                           **/s/ Sheila K. Oberto**
                                                                       UNITED STATES MAGISTRATE JUDGE