1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEAN SLAMA, | Case No.  1:08-cv-00810-SKO |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION AND REQUEST FOR FULL TRIAL TRANSCRIPTS** |
| v. | (Docket No. 220) |
| CITY OF MADERA, et al., | **ORDER DENYING PLAINTIFF'S MOTION FOR A 30-DAY EXTENSION OF TIME TO DEVELOP RULE 59 MOTION** |
| Defendants. | |
| | (Docket No. 220) |
| _____/ | |

## I.   INTRODUCTION

Plaintiff Anthony Dean Slama ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Following a trial by jury, judgment was entered for Defendants and against Plaintiff on September 5, 2013.  (Doc. 219.)  On September 25, 2013, Plaintiff filed a "Notice of Motion and Request for Production of Full Trial Transcripts to Motion the Court for a New Trial Pursuant to Federal Rules of Civil Procedure 59(d)" and a "Motion for a Thirty Day Extension of Time to Develop 59(d) Motion and Not Lose Jurisdiction Over Notice of Appeal Pursuant to 28 U.S.C.

§ 1291."[1]  (Doc. 220.)  For the reasons set forth below, Plaintiff's request for a full trial transcript and request for a 30-day extension of time are DENIED.

## II.    DISCUSSION

**A.    Motion for Transcript**

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense.  Here, Plaintiff seeks the production of trial transcripts for the intent of filing a motion for a new trial.  (Doc. 220.)

Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense.   First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct payment from the government to pay for transcripts for a litigant proceeding in forma pauperis:

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

---

[1] It appears that Plaintiff is making these requests pursuant to Rule 59(b), which provides that a motion for a new trial must be filed no later than 28 days after the entry of a judgment, as opposed to Rule 59(d), which provides that, no later than 28 days after the entry of judgment, the court may order a new trial on its own initiative or for reasons not provided in the party's motion.

1   Here, Plaintiff has not yet filed an appeal and is seeking the trial transcript to prepare for a

2   Rule 59 motion for new trial.   (Doc. 220.)   Plaintiff's request does not satisfy any of the

3   circumstances set forth under 28 U.S.C. § 1915(c) authorizing the Court to direct the government

4   to pay for a trial transcript.  Additionally, as Plaintiff has not yet appealed, the Court is precluded

5   from determining whether Plaintiff's appeal would present a substantial question that supports a

6   request for transcripts to be produced at the government's expense.  Accordingly, the request for

7   production of full trial transcript is DENIED.

8   **B.**      **Motion for Extension of Time**

9   Plaintiff requests a 30-day extension of time to file a motion for a new trial pursuant to

10  Rule 59.  (Doc. 220.)

11  A motion for a new trial must be filed no later than twenty-eight (28) days after entry of

12  judgment, Fed. R. Civ. P. 59(b), (d), and the Court may not grant an extension of time to do so,

13  Fed. R. Civ. P. 6(b)(2).  ("A court must not extend the time to act under Rules . . . 59(b), (d), and

14  (e) . . .")  Pursuant to the Federal Rules of Civil Procedure, the Court is prohibited from granting

15  an extension of time beyond the initial 28-day time period to allow a party to file a Rule 59

16  motion. Fed. R. Civ. P. 6(b)(2).  Accordingly, Plaintiff's request for a 30-day extension of time to

17  file a motion for new trial is DENIED, and any Rule 59 motion must be filed within 28-days from

18  September 5, 2013 -- the date judgment was entered.  (Doc. 219.).

19              **III.    CONCLUSION AND ORDER**

20  Accordingly, IT IS HEREBY ORDERED that:

21  1.      Plaintiff's motion and request for production of full trial transcripts is DENIED;

22          and

23  2.      Plaintiff's motion for a thirty day extension of time to develop a Rule 59 motion is

24          DENIED.

25

26  IT IS SO ORDERED.

27  Dated:   **September 30, 2013**              **/s/ Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE

28

3